WILLIAM R. CLAPP *vs.* LEROY D. THAYER & others.

It is a question for the jury whether a contract to furnish " about four hundred " castings
    is substantially complied with by furnishing three hundred and thirty-one castings.
It is a question for the jury whether a contract to furnish frames weighing ten pounds a
    pair is substantially complied with by furnishing frames weighing twelve pounds a pair.

CONTRACT on an account annexed, to recover for " 331 creal castings, 2004 pounds, at 12 cents per pound."

At the trial in the Superior Court before *Rockwell,* J., there was evidence tending to show that the defendants agreed with the plaintiff to supply a quantity of creals used in the manufacture of cotton yarns ; that the number to be furnished was to be about four hundred, or about eight hundred, that if the defendants took four hundred they were to pay twelve cents a pound, and if they took eight hundred, ten cents a pound ; that the defendants ordered forty-four of the creals, and if these were made to their acceptance, they were to order more at a reduced price.

It was admitted that by the original contract the creals were to be made after patterns furnished by the defendants. That the creals for which the action was brought weighed more than ten pounds, and that the average weight was a fraction more than twelve pounds. There was evidence tending to show that there would be a variation from the patterns in ordinary castings. The testimony of the defendants was that the patterns weighed ten pounds, and that the castings ordered were not to be heavier. The testimony of the plaintiff was that the patterns weighed about eleven pounds.

There was evidence that the first castings made from the patterns furnished by the defendants were not suitable for the purpose designed ; that an alteration was made in the patterns, and another lot cast, which would not answer the purpose ; that after consultation with the foreman of the defendants, it was decided to make new patterns, and make the socket for the spools larger that this was done and some castings made from the new patterns, which were shown to the foreman ; that he tried the spools into them and pronounced them to be right; that he was told at

Clapp *v.* Thayer.

the time that they were heavier than those first cast, and their weight given him, and he said nothing ; that some of them were sent to the defendants' factory ; that they were afterwards sent back to the plaintiff by a boy, who told him the defendants were going to have some more cast.

The defendants asked the court to rule that "if the contract was what the plaintiff says it was, that he was to furnish either four hundred or eight hundred frames, four hundred at twelve cents, or eight hundred at ten cents, then the plaintiff cannot recover for three hundred and thirty-one frames, as that is not a substantial compliance with the contract," and that "if the contract was that the frames were to weigh ten pounds a pair, and the jury believe that the frames sued for averaged twelve pounds a pair, that that is not a substantial compliance with the contract."

The judge instructed the jury fully upon all the other matters in the case, in a manner not objected to, and stated that he saw no occasion to give the specific instructions requested. The jury found a verdict for plaintiff, and the defendants alleged exceptions.

*C. E. Smith,* for the defendants.

*D. W. Bond & H. H. Bond,* for the plaintiff.

BY THE COURT. The only exception taken is to the refusal to give the instructions prayed for, and we are of opinion that both of them were rightly refused. Each of them requested the court to decide as matter of law what was purely a question of fact. It was for the jury to decide whether furnishing three hundred and thirty-one frames was a substantial compliance with a contract to furnish such frames "to the number of about four hundred ; " as well as whether frames weighing on the average twelve pounds the pair, substantially complied with a contract to furnish frames weighing ten pounds the pair. It is to be observed, as bearing upon the latter point, that the bill of exceptions states that there was evidence tending to show that there would be a variation (how much is not stated) from the patterns in ordinary castings. *Exceptions overruled.*