LIZZIE BITTRICK, Appellant, v. GEORGE W. GILMORE, Respondent.

St. Louis Court of Appeals, January 31, 1893.

**Implied Contract for Compensation for Services.** An agreement for compensation for the rendition of services cannot be implied contrary to the admitted intention of the parties. And *held* that, under this rule, the plaintiff in this action was not entitled to compensation for household services rendered by her as a member of the household.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*William B. Skinner* and *Henry Brumback*, for appellant.

*Mann & Talbutt*, for respondent.

The action of the court in taking the case from the jury should be affirmed. There was no evidence

to establish an implied promise to pay wages. The circumstances and appellant's own testimony negative this. *Ryan v. Lynch*, 9 Mo. App. 18; *Guenther v. Birkicht*, 22 Mo. 439; *Morris v. Barnes*, 35 Mo. 412, 415; *Suits v. Taylor*, 20 Mo. App. 166; *DeFrance v. Austin*, 9 Penn. 310. The evidence is such that it was the plain duty of the court to set the verdict aside as being founded on passion and prejudice. It was, therefore, his duty and prerogative to interfere before submission and direct a verdict for respondent. *Jackson v. Hardin*, 83 Mo. 175; *Powell v. Railroad*, 76 Mo. 84; *Landis v. Hamilton*, 77 Mo. 554. Appellant's own testimony that "respondent promised to give her forty acres of land when she married, provided she married to suit him," relied on by counsel to establish the fiction of an implied contract to pay for services, establishes in fact the contrary, to-wit: That there was a mutual understanding that no wages were to be paid. *Guenther v. Birkicht*, 22 Mo. 439, 443; *Woods v. Land*, 30 Mo. App. 181.

Rombauer, P. J.—The action is one to recover for services rendered by the plaintiff to the defendant upon an implied contract for compensation. Upon the close of the entire evidence, the court instructed the jury that under the pleadings and evidence they must find for the defendant, and the jury brought in a verdict accordingly. The giving of this instruction is the error complained of. The only question for our consideration, therefore, is, whether the plaintiff has adduced any substantial evidence entitling her to go to the jury.

The evidence adduced by the plaintiff tended to show the following facts: Her mother died when she was six years of age. Her remaining parent failed to support her, and she found a home at various places

until she arrived at the age of twelve years, when she came into defendant's family, at first for a temporary purpose; afterwards she continued to reside there for a period of eleven years or more. During the period of her stay she was required to do all kinds of manual labor, in excess of that done by female members of the family, although upon the whole she was treated as a member of the family. The question of wages was never mentioned. She had once or twice in later years an opportunity of going to other people in the neighborhood and earning wages, but the defendant objected to her so doing, saying that he could not spare her. The defendant at one time said in her hearing that, if she was a good girl and would marry to suit him, he would give her forty acres of land. The plaintiff herself testified that there was no understanding or contract about wages, and that the only thing she relied on outside of her home was the promise that, if she married to suit him, he would give her forty acres of land. In March, 1891, the plaintiff, becoming pregnant with a child, was ordered out of the house by the defendant's wife, and in October of that year instituted the present action for the reasonable value of her services for thirteen years. The defendant's answer was the general issue, and the statute of limitations of five years.

This being in substance all the evidence, we must conclude that the court did not err in taking the case from the jury. Evidence of the fact that the plaintiff was not related to the defendant; that she rendered valuable services for him; that she was offered wages for similar services by other persons, and the defendant declined to let her go because he could not spare her, was sufficient to show a state of facts from which the jury might have inferred a promise to pay for such services, at least *from the date of such offer*. The law of

some of the cases on that subject in this state is quite liberal in favor of the claimant. *Hart v. Hart's Adm'r*, 41 Mo. 441, 445; *Reando v. Misplay*, 90 Mo. 251. But when the defendant as a witness on her own behalf on cross-examination testified that up to the time she left she was living with the defendant as a member of his family; that there was no understanding or contract about her wages; and that the *only thing* she relied on, outside of having a home, was the defendant's promise that, if she married to suit him, he would give her forty acres of land, she herself rebutted the inference which the jury could have drawn. This promise according to her own evidence was based upon a contingency which has neither happened nor become impossible by the fault or neglect of the promisor; hence, it can furnish no basis for a recovery upon an express promise. Nor can the law imply a promise contrary to the express intention of the parties. *Suits v. Taylor*, 20 Mo. App. 166; *Houck v. Bridwell*, 28 Mo. App. 644.

We must bear in mind that all the cases recognize the fact, that the right of recovery in this class of actions depends upon an intention existing at the time when the services are rendered, and cannot be affected by a subsequent change of intention. *Guenther v. Birkicht*, 22 Mo. 439; *Morris v. Barnes*, 35 Mo. 412; *Hart v. Hart's Adm'r, supra; Lippman v. Tittman*, 31 Mo. App. 69, 74. As the plaintiff's own evidence negatives the fact that she was rendering the services with an intention of being paid their reasonable value, and as there is nothing in her evidence which would justify even the inference that the defendant could have so understood her conduct, we must uphold the judgment of the trial court.

All the judges concurring, the judgment is affirmed.