J. E. LINE, Respondent, v. J. W. MASON, Appellant.

Kansas City Court of Appeals, July 2 and November 9, 1896.

1. **Witnesses:** COMPETENCY OF EXPERT: WOOD WORKMEN. The question at issue was whether certain cross-arms for telephone poles were first-class and complied with the contract. *Held*, that carpenters who were experienced mechanics in wood construction were competent to testify as to whether or not good mechanical skill was displayed in making the articles.

2. **Contracts:** PERFORMANCE: INSTRUCTION. Substantial conformance with all the details and agreements is all that the law requires, and an instruction using the words: "In substantial conformance with said specifications of said contract" is proper, as exact conformance with the contract is not required.

3. ———: ———: JURY. As to whether certain cross-arms for telephone poles were substantially in all particulars of the kind and quality contracted for, is a jury question.

*Appeal from the Jackson Circuit Court.*—HON. R. E. BALL, Special Judge.

AFFIRMED.

*Grant I. Rosenzweig* for appellant.

(1) Building contractors and carpenters are not competent to testify as to suitability, etc., of telephone cross-arms. *Hunt v. St. Louis*, 94 Mo. 255; *Muff v. Wabash*, 22 Mo. App. 584; 7 Am. and Eng. Encyclopedia of Law, 491, 494; Lawson's Opinion and Expert Ev., 2, 91, 101, 196, 197, 198; *Potts v. Aechtnecht*, 93 Pa. St. 138; *Chicago v. Ingersoll*, 65 Ill. 399; *Woods v. Allen*, 18 N. H. 28; *Hoyt v. Long Island*, 57 N. Y. 678; *Brown v. Mohawk*, 1 How. App. 114; *Kilbourne v. Jennings*, 38 Iowa, 533; *Beck v. Lawrence*, 9

Jones Sp. 535; *People v. Rector*, 19 Wend. 569; *Kent v. Miltonberg*, 15 Mo. App. 480; *Murphy v. Murphy*, 22 Mo. App. 18; *Igo v. Chicago*, 38 Mo. App. 377.   (2) Before recovery can be had on a contract, it must be performed.   Substantial performance is not sufficient; nor, in the absence of an acceptance by defendant, can plaintiff's petition be sustained on any *quantum meruit* theory.   *Zimm v. Hyatt*, 60 Mo. App. 627; *Martin v. Creech*, 58 Mo. App. 391; *Halpen v. Manny*, 57 Mo. App. 62; *Eyerman v. Mt. Sinai*, 61 Mo. 489; *Halpen v. Manny*, 33 Mo. App. 388; *Warson v. McElroy*, 33 Mo. App. 554; *O'Brien v. Mayer*, 23 Mo. App. 653; *Brown v. Wright*, 25 Mo. App. 58; *Clements v. Yeates*, 69 Mo. 625; *Lewis v. Slack*, 27 Mo. App. 129; *Smith v. Haley*, 41 Mo. App. 616; *Yeates v. Ballentine*, 56 Mo. 537; *Gruetzner v. Aude*, 28 Mo. App. 267; *Fletcher v. Milburn*, 35 Mo. App. 321; *Ingle v. Jones*, 2 Wall. (U. S.) 1; *Bersh v. Sanders*, 37 Mo. 104; *St. Louis v. McDonald*, 10 Mo. 609; *Clark v. Pope*, 70 Ill. 132; 7 Wait's Act. and Def. 356; *McNichol v. Pacific*, 12 Mo. App. 405; *Railroad v. Levy*, 17 Mo. App. 507; *Davis v. Brown*, 67 Mo. 313; *England v. Courtland*, 9 Mo. App. 578; *Whittaker v. McCormick*, 6 Mo. App. 114; *Voss v. McGuire*, 18 Mo. App. 481; *Catchings v. Hacke*, 15 Mo. App. 51; *Murphy v. Gray*, 37 Mo. 536; *Carter v. Black*, 46 Mo. 384; *Hollander v. Koetter*, 20 Mo. App. 79; *Long v. Ormsby*, 43 Mo. App. 268; *Graff v. Foster*, 67 Mo. 521; *George v. Dean*, 17 Mo. App. 332; *Marsh v. Richards*, 29 Mo. 99; *Williams v. Porter*, 51 Mo. 441; *Woods v. Bobbst*, 56 Mo. App. 427; *Thornton v. Royce*, 56 Mo. App. 179; *Beatty v. Rockey*, 56 Mo. App. 221.

*C. W. Chase* and *F. J. Chase* for respondent.

(1) Carpenters and building contractors are competent to testify as to the quality of telephone cross-

arms, especially as to their strength, durability, material, and workmanship. *Boettger v. Iron Co.*, 124 Mo. 87, 104; *Turner v. Haar*, 114 Mo. 335; Rodgers on Expert Testimony [2 Ed.], sec. 106, p. 251; *Moore v. Lea*, 32 Ala. 375; *Wood v. Kilpatrick*, 85 N. Y. 413. (2) In a suit on a contract to manufacture articles of certain dimensions, it is not error to instruct the jury that if plaintiff has complied with every material requirement of the terms of the contract, and made the cross-arms in substantial accordance with the specifications of said contract, then the verdict should be for plaintiff. *Clapp v. Thayer*, 112 Mass. 296; *Meincke v. Falk*, 61 Wis. 623; *Lynch v. Lumber Co.*, 80 Tex. 23; *Pallman v. Smith*, 135 Pa. St. 188; *Dauchy v. Drake*, 85 N. Y. 407; *Gray v. Gannon*, 4 Hun, 57; *Iron Foundry v. Harvey*, 3 N. H. 395 (407); *The People ex. rel. v. Holden*, 82 Ill. 93; *Des Moines v. Polk*, 82 Iowa, 663; *Jackson v. Stockbridge*, 29 Tex. 394; *Craig v. Weitner*, 33 Neb. 484; *Ibotson v. Sherman*, 42 So. Rep. (N.Y.) 477; *State v. Clark*, 23 Minn. 422; *Hovey v. Pitcher*, 13 Mo. 191; *Railroad v. Tygart*, 84 Mo. 263; *Secret Service Co. v. Gill*, 125 Mo. 156.

GILL, J.—In July, 1893, Hughes Brothers, of Chattanooga, Tennessee, contracted with defendant Mason to manufacture and sell to him two thousand, two hundred cross-arms for telephone poles. The contract provided that the cross-arms should be made out of yellow pine lumber three and one fourth by four and one fourth inches, which, after being dressed, would finish three by four inches, same to be six feet long, with a certain number of holes for insulator pins, which were to be at certain distances apart; the arms to be painted one coat, and the work and materials to be first-class in every respect, etc.; for which defendant was to pay

twenty-two cents per arm, delivered on board of cars at Kansas City.

After the cross-arms were manufactured and shipped to Kansas City, Hughes Brothers assigned the account to plaintiff Line. When the arms arrived at Kansas City, defendant at first paid the freight and took them from the cars, but on further inspection he rejected the arms and refused to pay the contract price. Thereupon plaintiff brought this action, alleging the sale of the goods by Hughes Brothers, and that the same were furnished in compliance with the terms of the contract, etc., and on a trial by jury plaintiff recovered a verdict and judgment for the full amount, and defendant appealed.

Defendant asks a reversal of the judgment on two grounds: *First*, because the court permitted the plaintiff, over defendant's objections, to introduce the testimony of certain carpenters and builders as to the character of the cross-arms, whereas such persons were not shown to be experts and competent to judge of such work, and, *second*, that by the court's instructions the plaintiff was allowed to recover if the cross-arms were *substantially* as called for by the contract.

We think there is no merit in either contention. The witnesses called and examined by plaintiff were shown to be experienced mechanics in wood construction; and who, by reason of their skill and observation, were better qualified than ordinary persons to pass on the character of materials and work put into the cross-arms. It is true that these witnesses were not shown to have had experience in constructing these particular articles; yet they were fully qualified to give an opinion as to the kind and quality of the lumber and paint used, and as to whether or not good mechanical skill was displayed in building the articles in question. It seems to have been the purpose of the trial court, as

disclosed in the examination of witnesses, to exclude testimony going merely to show their opinion as to whether the cross-arms were are were not first-class.

As to the other point, the court, by its instructions, first advised the jury as to the nature and obligatory character of the written contract between the parties; and then told the jury that if they found that prior to the institution of the suit the account was for value transferred by the Hughes Brothers company to the plaintiff; and if they further found that in the manufacture and shipment of said cross-arms the said company complied with every material requirement of the terms of the contract with defendant, as set forth in instruction number 1, and made said arms in substantial accordance with the specifications of said contract, then defendant was bound to accept and pay therefor, etc.

There ought to be no question as to the correctness of the foregoing instruction, as applied to the facts of this case. Defendant's counsel finds fault with the court's use of the words "in *substantial* accordance with the specifications of said contract," and insists that the court ought to have given defendant's instruction, which would have told the jury "that if the arms furnished were *in any way* not up to, or not in *exact* conformance with, the contract," that plaintiff could not recover.

This, it is true, is an action on a special contract, and the rule holds that before plaintiff can claim default on defendant's part, he must show a compliance with the contract on the part of the other party thereto. But *substantial* compliance with all the details of the agreement is all the law requires. "There must be a fair and substantial compliance with the conditions of the contract, and this is all that is required." *Railroad v. Tygard*, 84 Mo. 263–268, and authorities

cited. See, also, *Secret Service Co. v. Gill-Alexander Mfg. Co.*, 125 Mo. 156; *Pallman v. Smith*, 135 Pa. St. 188; *Lynch v. Paris Lumber Co.*, 80 Tex. 23, and cases referred to·on page 37; *Meincke v. Falk*, 61 Wis. 623; *Clapp v. Thayer*, 112 Mass. 296, and other cases cited in plaintiff's brief.

As to whether or not the cross-arms were substantially and in all essential particulars of the kind and quality contracted for, was a question for the determination of the jury. *Clapp v. Thayer, supra.*

Judgment affirmed. All concur.