G. B. CRAPSON, Respondent, v. WALLACE BROS., Appellants.

Kansas City Court of Appeals, November 1, 1897.

Action; SPECIAL CONTRACT V. QUANTUM MERUIT. Where plaintiff contracted to do defendant's threshing as well as any machine in the county could do it or no charge should be made, he must recover on the terms of his contract and not on a *quantum meruit*.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Nat M. Shelton, Reverdy Eason* and *Edward Higbee* for appellant.

(1) There was no evidence authorizing a recovery upon a *quantum meruit.* All the witnesses who testified upon this point agreed that it was a special contract. There was no testimony to the contrary. But the court by the second instruction, given on its own motion, directed a verdict for the plaintiff for the reasonable value of the threshing, if they found there was no such special contract. This was misleading and tended to confuse the jury. *Madison & Co. v. Mining Co.,* 65 Mo. App. 664, 667; *Bittrick v. Gilmore,* 53 Mo. App. 53, 56; *Zaleski v. Clark,* 44 Conn. 218, cited in *Blaine v. George Knapp & Co.,* 41 S. W. Rep. 787, at foot of p. 789 (S. C. Mo.), and other cases cited; *Suits v. Taylor,* 20 Mo. App. 166; *Clarke, Adm'x, v. Kane,* 37 Mo. App. 258, 268; *Lowry v. Prospecting and Mining Co.,* 65 Mo. App. 266; *Mansur v. Botts,* 80 Mo. 651.

*Fogle & Tadlock* for respondents.

(1) A statement before a justice of the peace may authorize a recovery on a contract or *quantum meruit* as the evidence may warrant. *Buschman v. Bray,* 68 Mo. App. 8; *Boyle v. Clark,* 63 Mo. App. 473; *Lemon v. Lloyd,* 46 Mo. App. 452. (2) Notwithstanding a special contract for work done the action need not be upon the contract but may be for a reasonable value of the work, in which case the contract price is the

maximum. Cases above cited. *Eyerman v. Com. Ass'n*, 61 Mo. 489. And these rules are not limited to building contracts. 113 Mo. 98, as above; 36 Mo. App. 567, as above. The only exception to the above rules is found in contracts for personal service for a specified term.

GILL, J.—This is a suit brought before a justice and is for the price of threshing some grain. Plaintiff Crapson and one Bass owned a threshing machine and in the year 1895 threshed the grain on STATEMENT. defendant's farm. At the close of their joint business Crapson and Bass divided the accounts and the claim against defendants fell to the plaintiff. Hence he prosecutes this action in his (the plaintiff's) own name. The defense interposed in the circuit court was that the work was poorly done—that Crapson & Bass agreed with defendants that if they (C. & B.) did not do as good work as any machine in the county could do nothing would be charged; that the threshing was not done according to the contract and that therefore nothing was due and owing therefor.

On a trial before a jury there was a verdict and judgment for plaintiff for the full amount sued for, and defendants appealed.

The evidence given at the trial, by all parties to this controversy, was substantially that this threshing was done under a special contract, as above detailed— that is that Crapson & Bass would thresh the defendants' grain, and if not done as well as any machine in the county could do it, then *no charge should be made*. The only issue of fact was whether or not the work was done according to the terms of this agreement. As to this the evidence was conflicting. This was the sole question for the determination of the jury. Notwithstanding this the court instructed the jury that "if

there was no contract that plaintiff was to do as good a job as any other machine in the county, then the jury should allow for the reasonable value of the work done."

This was error. It is not a case for *quantum meruit;* it is a case where the contract price must be recovered or nothing. Plaintiff should have had a judgment for doing the work if performed

ACTION: special contract v. quantum meruit.

according to the terms of the special contract, otherwise nothing at all. He and his partner so agreed with the defendants, and the courts have only to carry out such contract according to its undisputed terms. The courts can not make contracts for the parties. Nor will the law imply a promise contrary to the express intention of the parties. *Bittrick v. Gilmore,* 53 Mo. App. 53.

Judgment reversed and cause remanded. All concur.