G. B. CRAPSON, Respondent, v. WALLACE BROS., Appellants.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Trial Practice:** RIGHT TO OPEN AND CLOSE: ASSIGNMENT. Where the action is on an assigned account and all averments of the complaint are admitted, except the assignment, the burden is on the plaintiff and he has the right to open and close to the jury.

2. **Evidence:** ACCUMULATIVE: BAD THRESHING: HARMLESS ERROR. Where evidence, merely accumulative as to the bad threshing done by a machine, is improperly excluded, it will not reverse.

3. **Performance:** INSTRUCTION: SUBSTANTIALLY. Substantial compliance with the details of a contract is all the law requires; and substantially in an instruction not used in a technical sense does not need a special definition as ordinary jurymen are presumed of sufficient intelligence to understand its common ordinary meaning, and a party objecting to its use should offer an instruction defining it.

4. **Trial Practice:** INSTRUCTIONS. Instructions reviewed and held to have fairly submitted the case to the jury.

Appeal from the Schuyler Circuit Court.—*Hon. J. D. Smoot*, Special Judge.

AFFIRMED.

*Reverdy Eason* and *Edward Higbee* for appellants.

(1) It was shown that the machine was crowded and carelessly operated, particularly on the last day of defendants' threshing, and it was claimed by defendants that their grain was negligently left in the straw and blown over. Defendants offered to prove by Jacob Miller, an experienced thresher, that while the same machine was being operated by the same crew in precisely the same manner the next day at Johnson's threshing, that grain was blown over and wasted in a manner that would not be done by any good machine when properly operated. The circumstances and conditions were the same as at defendants' threshing. Things that are equal to the same thing are equal to each other. Instruction one directed the jury that if they found the contract was substantially performed, it was enough. They were not told what constituted substantial performance. The court waived its functions and left the question of law to the jury for their solution. Atteberry v. Powell, 29 Mo. 429, 435; Fletcher v. Mfg. Co., 35 Mo. App. 321, 329; Ampleman v. Ins. Co., 35 Mo. App. 317, 320; Dry Goods Co. v. Schooley, 66 Mo. App. 406, 414; Stevens v. Crane, 37 Mo. App. 487, 495; Jordan v. Moulding Co., 72 Mo. App. 325, 328, foot of page;

Clarke v. Kitchen, 52 Mo. 316, 317; Carson v. Porter, 22 Mo. App. 185; Fugate v. Carter, 6 Mo. 267, 270; Kendall v. Bain, 46 Mo. App. 590; Speak v. Ely, 22 Mo. App. 122; Bowman v. Heating Co., 2 Mo. App. Rep. 757; Brannock v. Elmore, 114 Mo. 55; Crapson v. Wallace, 71 Mo. App. 685; State v. Sprague, 50 S. W. Rep. 1117. (2) A litigant is entitled to clear and unambiguous instructions.   Becraft v. Grist, 52 Mo. App. 586, 590; Young v. Ridenbaugh, 67 Mo. 574.

*C. C. Fogle*, *W. M. Saxbury* and *Edwin F. Payton* for respondent.

(1)   Defendants complain of plaintiff's first instruction because it uses the word "substantially" in this part of the instruction, "yet if the jury believed from all the evidence in the case that in so doing defendants' threshing plaintiff did do substantially as good a job as, etc."   Now what does the word mean in this connection?   Webster's Dictionary on page 1318 says:   Substantially, adv.   In substantial manner; really; solidly; truly; essentially; competently.   Anderson's Law Dictionary, page 986.   To do a thing in a plain, substantial and workmanlike manner would imply that it should be perfectly done.   Smith v. Clark, 58 Mo. 145; Com. v. Wentworth, 118 Mass. 442; Linebeger v. Tedmore, 104 N. C. 506; Barnett v. Sweringen, 77 Mo. App. 72; Lewis v. Land Co., 124 Mo. 686, and cases there cited.   *De minimis non curat lex.*   Farmer v. Farmer, 129 Mo. 530; Warder v. Henry, 117 Mo. 530, 545; Berry v. Wilson, 64 Mo. App. 164; Milling Co. v. Walsh, 37 Mo. App. 567; Cottrill v. Krum, 100 Mo. 200; Lumber Co. v. Snyder, 65 Mo. App. 569.   (2) Defendants admitted that the threshing was done, the number of bushels of grain and seed at the price stated, but denied everything else—that is denied the assignment of Bass' interest to plaintiff; denied that plaintiff had performed the contract.   Plaintiff averred he had. Defendants prayed the court

to give their seventh instruction which the court did and thereby put the laboring oar in the hands of the plaintiff which he accepted and plunged his little canoe over the breakers safely to shore. The plaintiff was entitled to the opening and closing. Elder v. Oliver, 30 Mo. App. 575; Harvey v. Sullens, 56 Mo. 373. Mfg. Co. v. Mfg. Co., 42 Mo. App. 307; Farrell v. Brennan, 32 Mo. 333. Plaintiff had to show a substantial performance of the contract. Eyerman v. Ass'n, 61 Mo. 489. An error is not assignable thereof except in cases of manifest abuse or prejudice. Meredith v. Wilkinson, 31 Mo. App. 1; Elder v. Oliver, 30 Mo. App. 575. (3) The court properly ruled out Miller's testimony as to Johnson's threshing. Gillett on Indirect Evid., sec. 56, n. 1.

SMITH, P. J.—Action instituted before a justice of the peace on an assigned account for threshing certain grain, etc., by Crapson & Bass. The plaintiff had judgment in the circuit court and defendants appealed.

The defendants in their statement of the case to the jury admitted that Crapson & Bass had threshed the number of bushels of grain at the price claimed in the plaintiff's account. But the assignment of Bass to plaintiff was not admitted. This, the plaintiff was compelled to prove. The defendants at the argument claimed the right to open and close the same, which was denied them by the court; and this constitutes one of their grounds of complaint.

The plaintiff's *prima facie* case was not admitted. Notwithstanding the defendants' admission as to the account, it still devolved on the plaintiff to prove the assignment before he was entitled to go to the jury. This complaint is therefore not well founded.

The court refused to allow the defendants to show by the testimony of one Jacob Miller, an experienced thresher, that while the same machine was being operated by the same crew, in precisely the same way, the next day after the de-

fendants' threshing was completed, that grain was blown over and wasted in a manner which would not have been done by a good machine, properly operated. This testimony was no doubt proper and should have been admitted, but as the defendants had shown by other witnesses that the threshing was hastily and unskillfully done, and that the machine as operated did not thoroughly thresh and separate the grain from the straw, and that, as a consequence, there was much waste, we do not think the error is one that calls for a reversal of the judgment. It was at most cumulative in its character.

The defendants object that the court erred in its action giving the plaintiff's first instruction, which declared that, "although the plaintiff or his partner agreed with defendants, in doing the latter's threshing, to do for them as good a job as any other machine in the county, and if they failed to do so not to charge them a cent, yet if the jury further believe from all the evidence in the cause that in so doing defendants' threshing plaintiff did do substantially as good a job of threshing as any other machine in Schuyler county could have done, taking into consideration the condition of the grain and straw at the time, as shown by the testimony in the cause, then your verdict should be for the plaintiff," for the reason that the jury were thereby told that if they found the contract was substantially performed it was enough, without being told further what constituted substantially performed.

A substantial compliance with all the details of a contract is all that the law requires. Railroad v. Tygard, 84 Mo. 263; Line v. Mason, 67 Mo. App. 279; Lumber Co. v. Snyder, 65 Mo. App. 568. This word was not used in any technical sense. It is one in common use and its ordinary meaning is presumed to be well understood among men possessing sufficient intelligence to be competent jurors. Besides this, the defendants were advised of the presence of the word in the instruction and if they thought that it would not be under-

stood by the jury, or was calculated to mislead them, they should have asked the court by an instruction to have defined its meaning. Warder v. Henry, 117 Mo. loc. cit. 545. We do not think the action of the court in giving this instruction affords ground for reversal of the judgment. Muehlhausen v. Railway, 91 Mo. 332; Cottrill v. Krum, 100 Mo. 397; Warder v. Henry, *supra.*

If this view of the plaintiff's instruction is correct, as we think is the case, it can not be said to be in conflict with the fourth, given by the court on its own motion, or the sixth and seventh given at defendants' request. In considering all of these instructions we think they are sufficiently harmonious. They, with the others given, placed the case plainly and fairly before the jury.

We do not think that the action of the court in striking out a part of the defendants' fifth instruction was prejudicial to them. The issues had been sharply defined in other instructions. There is no ground for thinking the jury were not sufficiently advised by the court's instructions as to every phase of the case that was left to them for determination. The admonition contained in the stricken out part could not have aided the jury in their endeavors to comprehend the issues of fact with which they had to deal.

This is the second time this plain and simple case has been here (71 Mo. App. 682) and, in our opinion, it would serve no useful purpose to further prolong the controversy.

The judgment will be affirmed. All concur.