NELLIE STOKES, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, June 16, 1913.

1. **NEGLIGENCE: Street Railways: Premature Starting of Car.**
The plaintiff was a passenger on a Woodland avenue street
car, and in response to her signal, the car stopped at Fortieth
street and Woodland avenue for her to alight. The plaintiff
proceeded to leave the car and had both feet on the bottom
step, without having hold of a handhold, preparatory to step-
ping down to the pavement when the car suddenly started
forward in response to the conductor's signal. The plaintiff
landed on her feet with a jolt so violent that she suffered a
temporary suspension of the powers of locomotion, and in-
ternal injuries. *Held*, that under the circumstances the limit
of the plaintiff's recoverable damages should not exceed $4000.

2. **MISCONDUCT OF COUNSEL: Remarks: Exceptions.** When
the bill of exceptions does not show that any remarks made
by the plaintiff's counsel to the jury were objected to or in
any way brought to the attention of the court at the time
they were made, they will not be considered on appeal.

Appeal from Jackson Circuit Court.—*Hon. Walter A.
Powell*, Judge.

AFFIRMED CONDITIONALLY.

*John H. Lucas* and *L. T. Dryden* for appellant.

*Kimbrell & White* for respondent.

JOHNSON, J.—Plaintiff alleges that she sus-
tained personal injury in alighting from a street car
operated by defendant and that her injury was caused
by negligence of defendant in prematurely starting
the car while she was in the act of alighting.

The answer is a general denial. The first trial
of the case resulted in a verdict for plaintiff in the sum

of eleven hundred dollars, but this verdict was set
aside and a new trial ordered. At the second trial
the jury returned a verdict in favor of plaintiff for
seven thousand five hundred dollars and after its
motions for a new trial and in arrest of judgment
were overruled defendant brought the case here by
appeal.

The injury occurred early in the afternoon of
Saturday, August 27, 1910, at the corner of Fortieth
street and Woodland avenue in Kansas City. Plain-
tiff, a young widow, living with her parents and em-
ployed as a stenographer, was going home on a Wood-
land avenue car on which she had become a passenger
and in response to her signal the car was stopped at
the regular stopping place at the intersection of Forti-
eth street and Woodland avenue, to allow her to
alight. She proceeded to leave the car and had
reached the bottom step when the motorman, in answer
to a signal from the conductor, started the car forward.
At this instant plaintiff had both feet on the bottom
step and was preparing to step to the pavement, but
did not have hold of a handhold and the unexpected
starting of the car caused her to be suddenly thrown
from the step to the pavement. She did not fall
but landed on her feet with a jolt or jar so violent
that she suffered a temporary suspension of the powers
of locomotion. Her home was nearby and her mother,
who was standing on the front porch, observed the
manner in which she left the car, her brief pause and
her evident pain and distress as she walked home.
The evidence of plaintiff is to the effect that before
her injury she had been in exceptionally good health
and free from disease and that immediately there-
after she exhibited symptoms of internal injuries of
a severe and permanent character. At first she did
not understand these symptoms and attributed them
to natural causes, but later, on consulting a physician
it was discovered that her uterus and ovaries were

misplaced, enlarged and inflamed.    This discovery was made in October following the injury and she immediately notified defendant of the facts of her injury and that she claimed damages.    On the Monday following the injury she returned to work and continued until in October when she was confined to her home for three weeks by the results of the injury.    After that she resumed her occupation and at the time of the trial was receiving a larger salary than she was being paid when injured.

We are asked to reverse the judgment on the ground that plaintiff's version of her injury is so contrary to physical law and so incredible that it should not be accorded any probative value.    We would not be justified in treating as substantial that which has no substance, in committing the solecism of holding, in effect, that testimony might be true which common experience and common knowledge of physical laws would reject as palpably false, and should we find the evidence of plaintiff "is so contrary to the daily experience of common life, so at war with the conceded physical facts" as to be beyond reasonable belief, we would not hesitate to brush it aside as wholly valueless. [Waggoner v. Railroad, 152 Mo. App. 173; Payne v. Railway, 136 Mo. 562.]

On the other hand, it is our duty, as an appellate tribunal, to exercise great care and caution in applying the tests of common sense and common knowledge of physical law to a given state of facts.    The testimony of unimpeached witnesses should not be lightly waived aside as impossible or incredible.    Common experience and observation teaches us that strange and astonishing things sometimes happen in the physical world and it would not do to give to dogmatic and undemonstrated conclusions respecting natural laws, precedence over the testimony of apparently credible witnesses.    We concede that the position of plaintiff on the car step as described in her testimony

was such as would lead one to expect that a sudden forward movement of the car would have caused her to fall to the pavement but we cannot say that it was impossible for her to land on her feet as she says she did. Much would depend on the character of the movement of the car. A sudden, violent movement undoubtedly would have jerked her feet from under her and caused her to fall while one less violent might have produced the result claimed by her. We hold the issue of the reasonableness of plaintiff's testimony on this subject is one of fact which the court properly sent to the jury.

We regard the contention of defendant that no causal relation is shown between the pleaded negligence and the physical infirmities of plaintiff as clearly untenable. Her expert evidence is to the effect that a sudden jolt or jar of the body is one of the causes of prolapsus of the uterus and of injury to others of the reproductive organs. It is true such afflictions may result from numerous other causes but given such cause plus the facts of prior freedom from the disease and of the appearance of the disease immediately after the injury, the inference is reasonable that the injury was the proximate cause. Courts should not indulge in conjecture either to aid or defeat a cause of action and where, as here, the evidence of plaintiff points directly to the pleaded act of negligence as the real cause of her injury, we will not hold she has failed in her proof because of the bare possibility that her condition might have resulted from some other cause.

The demurrer to the evidence was properly overruled.

Point is made of error in certain hypothetical questions propounded by counsel for plaintiff to expert witnesses but we find the questions are not subject to the criticism of assuming facts not in evidence. And in answer to the further point of improper argument to the jury by counsel for plaintiff we call atten-

tion to the omission of defendant to preserve an exception to the argument. The bill of exceptions "does not show that any remarks made by the plaintiff's counsel were objected to, or in any way brought to the attention of the court at the time they were made. This must be done to have the objection considered on appeal." [Kennedy v. Holladay, 25 Mo. App. 503; Doyle v. Trust Co., 140 Mo. 1.]

But we agree with defendant that the verdict is excessive. The evidence of plaintiff tends to show that her injury may be permanent, that she has endured great pain and suffering and may suffer future pain. In short she has a prolapsed uterus with its usual concomitants, but she is not physically disabled, her earning capacity has not been impaired and her pecuniary loss compared with the size of the verdict is trifling. Under such circumstances we feel that the outside limit of her recoverable damages should not exceed four thousand dollars. We are mindful of the rule that gives a wide discretion to the jury in the assessment of damages but there are limits to the exercise of such discretion, wide though it be, and we are persuaded that a judgment in excess of $4,000 should not be permitted to stand. Accordingly the judgment will be affirmed on condition that a remittitur of $3500 be entered within ten days; otherwise it will be reversed and the cause remanded. It is so ordered. All concur.