HENRY BRUENING, JR., Respondent, v. METRO-
    POLITAN STREET RAILWAY COMPANY,
    Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. NEGLIGENCE: Automobile: Street Railways: Collision. This action was instituted by the plaintiff to recover damages for personal injuries sustained in a collision between an automobile in which he was riding and defendant's street car. The plaintiff, his brother and a third person were driving an automobile north on the right side of Main street, when they stopped to allow the third person to alight.  As they proceeded on their journey they drove to the left on the east track to pass some coal wagons, when the defendant's street car struck the automobile and the plaintiff was injured.  Held, that both parties to the suit had equal rights to the use of the street and that neither could lawfully assert a superior right.

2. **INSTRUCTIONS: Right to Use of Street.** An instruction wherein the jury were told that "neither the defendant nor plaintiff had the exclusive right to use the street where the accident occurred, if any, and that it was the duty of the motorman in charge of the defendant's street car to manage it with reasonable care to avoid injuring persons driving or riding along and upon the streets and tracks," is germane to the issue as to whether or not the perilous situation of plaintiff was created solely by negligence of the motorman in running at excessive speed and in failing to give warning and is not erroneous.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*John H. Lucas* and *Bruce Barnett* for appellant.

(1) The case does not come within the last chance or humanitarian doctrine. Kinlen v. Railroad, 216 Mo. 145; Flynn v. Railroad, 166 Mo. App. 182; Koons v. Railroad, 178 Mo. 591; Prewitt v. Eddy, 115 Mo. 283. (2) The demurrer to the evidence should have been sustained. Stokes v. Railroad, 173 Mo. App. 676; Waggoner v. Railroad, 152 Mo. App. 173; Payne v. Railroad, 136 Mo. 562.

*Hadley, Cooper & Neel* for respondent.

(1) The court did not err in overruling the defendant's demurrer to the evidence at the close of plaintiff's evidence nor at the close of all of the evidence. Schafstette v. Railroad, 175 Mo. 142; Flynn v. Railroad, 166 Mo. App. 182; Latson v. St. L. T. Co., 192 Mo. 459; Stokes v. Railroad, 173 Mo. App. 678. (2) The court did not err in giving plaintiff's instruction No. 3 and even if it did err it was harmless. Kinlen v. Railroad, 216 Mo. 156; Oates v. Railroad, 168 Mo. 544; Nephler v. Woodward, 200 Mo. 190; Wellman v. Railroad, 219 Mo. 126. (3) The court did not err in

giving plaintiff's instruction No. 1. Latson v. St. L. T. Co., 192 Mo. 449; Wyman v. Railroad, 121 Mo. App. 629; Farrar v. Railroad, 249 Mo. 210; Stranchion v. Railroad, 232 Mo. 587; Linder v. St. L. T. Co., 103 Mo. App. 579. (4) Contributory negligence was not pleaded. Benjamine v. Railroad, 245 Mo. 614; Ramp v. Railroad, 133 Mo. App. 704; Williams v. Lamp Co., 173 Mo. App. 97.

JOHNSON, J.—An automobile of plaintiff was wrecked in a collision with an electric street car operated by defendant and this suit is for the recovery of the damages sustained by plaintiff. The collision occurred at six o'clock p. m. January 11, 1911, in Kansas City, on Main street near Twenty-eighth street. Plaintiff accompanied by his brother and a Mr. Kiger, drove the automobile north on Main street to a point near Twenty-eighth street and across the street from Saint Mary's Hospital, where he stopped to allow Kiger to alight. The automobile was stopped on the east side of the street near the curb and after Kiger alighted and closed the door it continued north on Main street, swerving to the left on to the east street car track in order to pass around some coal wagons which were being driven north in the same direction and on the same side of the street. Main street is paved with asphalt, has two street car tracks in the middle and going north from Thirtieth street to Twenty-seventh street, a distance of more than one-third of a mile, runs down hill. The automobile, a new five-passenger touring car, carried head and tail lights and as it was turned on to the car track, plaintiff and his brother who were riding in the front seat looked back, so they state, and observed a street car coming on that track but so far back that their contemplated movement appeared perfectly safe. Their statement of the injury which ensued describes the street car as coming over the brow of the hill at Thirtieth street when

they looked back, but as we shall show, it could not have been so far away and was not more than 400 or 500 feet south of them. The automobile ran north on the east track at a speed of about fifteen miles per hour and had traveled 250 or 300 feet when it was overtaken by the street car and wrecked in the collision which followed.

The street car approached at thirty to thirty-five miles per hour, did not slacken speed before the collision and the motorman did not sound the gong nor give other warning. The rules of the road prevailing in Kansas City required plaintiff to turn to the left in passing the coal wagons. Owing to the darkness and the peculiarities of their position, plaintiff and his brother, when they looked back, could not tell how fast the car was approaching. They did not look again but assumed that it was too far away to menace their safety, would not overtake them if run at reasonable speed and that the motorman, in any event, would not run into them without warning.

A city ordinance introduced in evidence limited the speed of street cars to twelve miles per hour. The evidence of plaintiff puts the speed of the car at thirty to thirty-five miles per hour or about double that of the automobile.

The facts stated are from the evidence of plaintiff and are contradicted in all important respects by witnesses for defendant whose testimony describes the collision as having been caused by the automobile overtaking the street car and turning on to the track immediately in front of it and too close to avoid a collision. The most accurate and consistent account of the collision from the point of view of plaintiff appears in the testimony of Mr. Kiger who states that he alighted from the automobile on the east side, intending to cross over to the hospital. As the automobile started and turned to the left on to the track to go around the coal wagons, he looked to the south and ob-

serving that a street car was about 400 feet away and was approaching rapidly, waited for it to pass before he started to cross the street. It passed him, going at thirty miles per hour and without checking speed or giving any warning overtook the automobile which was running at half that speed and had gone down the track, perhaps 300 feet.

The petition alleges negligence in running the car at excessive speed and failing to give warning and also in not stopping, checking speed or giving warning "When defendant saw, or by the exercise of ordinary care and diligence, could have seen plaintiff and the automobile in which he was riding in a position of imminent peril." The court overruled the demurrer to the evidence offered by defendant and submitted to the jury all the pleaded issues of negligence. The verdict was for plaintiff and after its motions for a new trial and in arrest were overruled, defendant appealed.

In the discussion of the demurrer to the evidence counsel for defendant ask us to reject as wholly unworthy of belief the evidence of plaintiff for the reason that in placing the street car on the crest of the hill when they looked back, plaintiff and his brother assert a thing that could not have been true in view of the conceded fact that the automobile from that moment until the moment of the collision did not travel more than 300 feet. If the car were at the top of the hill, as stated by these witnesses, it traveled 1500 feet while the automobile ran 300 feet, at fifteen miles per hour—a physical impossibility. None of the witnesses for plaintiff estimate the speed of the street car at more than thirty-five miles per hour and obviously the car could not have been more than 400 or 500 feet south of the automobile when it turned on to the car track and proceeded down hill.

Plaintiff and his brother were mistaken in their estimate of the distance of the car from them but it does not follow that their testimony must be rejected

in law because of that mistake which, under the circum-
stances of their situation might have been innocently
made and certainly it does not follow that the testi-
mony of the witness Kiger which gives a clear and
reasonable account of the injury should be rejected as
false in law because of an error in plaintiff's testimony.
The credibility of plaintiff and his witnesses was an
issue of fact for the jury to pass upon. The jury were
entitled to believe from all of the evidence that when
the automobile turned on to the track the street car was
400 feet away and that with a straight track ahead and
with the tail lights of the automobile burning, there
was nothing to prevent the motorman from observing
that his car was rapidly overtaking the automobile and
would collide with it unless he reduced the speed of
the car to that of the automobile or gave warning to
plaintiff to give him a clear track.

Expert evidence introduced by plaintiffs tends to
show that the motorman could have stopped the street
car in ninety feet but he ran 600 feet without even
attempting to slacken speed and without sounding his
gong. Such conduct clearly was negligent and should
be regarded not only as the cause of the perilous sit-
uation the occupants of the automobile were placed in
but also as a manifest breach of a humanitarian duty
the creation of such peril imposed upon the motor-
man.

We do not find any ground in the evidence of
plaintiff upon which he may be accused of negligence
in law which contributed to place him and his machine
in a position of peril. All classes of travelers and
vehicles have equal rights to the use of the public
streets. Autoists have no legal right of way over pe-
destrians nor have street cars superior rights to auto-
mobiles or other vehicles. [Kinlen v. Railroad, 216
Mo. 145.] The fact that a street car must run on a
fixed and unalterable course gives it a right to require
slower vehicles ahead to turn off its track on proper

warning being given, but its motorman has no right to run it over a public and much-used street at excessive speed and crush into other vehicles without warning. We perceive no reason for the idea that the driver of a vehicle traveling along that part of the street occupied by a car track must keep looking behind to guard against being overtaken and run down by a street car. Observing the car so far away that it would not overtake him if run at reasonable speed plaintiff had a right to proceed along the track until warned by a signal that the motorman desired to pass him. An automobile itself is a speedy and, if negligently handled a dangerous vehicle, and a rule that would require its driver to divide his attention between the way in front and the way behind would be senseless and dangerous in its consequences. Plaintiff cannot be held guilty in law of negligence either in turning on to the track or in failing to look back after so doing. The characterization of his conduct under proper pleadings would have been an issue of fact for the jury to determine. [Kinlen v. Railway, 216 Mo. 145; Schafstette v. Railway, 175 Mo. 142; Flynn v. Railway, 166 Mo. App. 182; Strauchon v. Railway, 232 Mo. 587; Linder v. Transit Co., 103 Mo. App. 574; Latson v. Transit Co., 192 Mo. 449; Farrar v. Met. St. Ry. Co., 249 Mo. 210; Stokes v. Railway, 173 Mo. App. 676.] The demurrer to the evidence was properly overruled.

In what has been said we have answered the principal objection of defendant to the first instruction given at the request of plaintiff which assumed to cover the whole case. The other objections are found to proceed from a misconception of the language of the instruction which we think clearly required the jury to return a verdict for plaintiff upon the finding that pleaded negligence of defendant was the direct and proximate cause of the injury and further required the jury if they found for plaintiff upon the issue of last chance negligence to base such finding upon the belief

that he was oblivious to his peril and did not wantonly or wilfully incur it. Counsel for defendant are in error in assuming, from the admission of plaintiff that he saw the approaching street car, that he wilfully rushed into a perilous position. The facts as we have shown abundantly justified him in assuming that the street car could not be a menace to his safety if operated with ordinary care.

Complaint is made of the first instruction given at the request of plaintiff which told the jury that "neither the defendant nor plaintiff had the exclusive right to use the street where the accident occurred, if any, and that it was the duty of the motorman in charge of defendant's street car to manage it with reasonable care to avoid injuring persons driving or riding along and upon the streets and tracks," etc. In Grout v. Railway, 151 Mo. App. l. c. 333, we declared that a similar instruction pronounced a rule which "though sound was foreign to any issue of fact presented by the pleadings and evidence." That was a case where the only negligence in issue was an alleged breach by defendant of the last chance rule, and we properly declared that the question of whether or not a street railway company had a superior or only an equal right to the use of the street to that possessed by the plaintiff was not germane to the issue of whether the motorman exercised reasonable care to discover the peril of the plaintiff and to avoid injuring him. In the present case we have not only an issue under the humanitarian doctrine but also the issue of whether or not the perilous situation of plaintiff was created solely by negligence of the motorman in running at excessive speed and in failing to give warning. The rule of the instruction is germane to the latter issue and no error was committed in telling the jury that plaintiff and defendant had equal rights to use the street and that neither could lawfully assert a superior right.

The judgment is affirmed. All concur.