ANNA M. VAN TRESSE, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE CORPORATION, APPELLANT.*

Kansas City Court of Appeals. February 13, 1928.

*Corpus Juris-Cyc References: Carriers, 10CJ, section 1456, p. 1068, n. 84; Trial, 38Cyc, p. 1666, n. 69; p. 1687, n. 86.

*Harry G. Kyle, Walter A. Raymond* and *Carl Borello* for respondent.

*Watson, Gage & Ess,* and *Charles L. Clarr* for appellant.

ARNOLD, J.—The suit was originally instituted against the receivers for the Kansas City Railways Company, a corporation which, on October 27, 1920, was placed in the hands of receivers by the United States District Court in and for the Western District of Missouri. By purchase, the property passed into the hands of the Kansas City Public Service Company, a corporation, the defendant herein. At the time of the accident in question the Kansas City Railways Company owned and operated various lines of street cars in Kansas City, Missouri, one being a double track upon the Paseo, a street running generally north and south, and known as the Marlborough line.

The amended petition states that on April 22, 1925, plaintiff became a passenger for hire on one of defendant's southbound Marlborough cars at 48th street and Troost avenue; that at the intersection of the Paseo with 63d street, the track curves sharply toward the east; that the car on which plaintiff was a passenger reached said curve at about 11:45 A. M.; that said car was what is known as a "one man car" which is to say it was under the sole control of one man who acted both as motorman and conductor; that, as the car was turning east around said curve it jumped the track, stopped suddenly and threw plaintiff, with great force and violence, against the back of the seat in front of her and against the sides and floor of said car; and, as a direct result, she received "severe, permanent and lasting and progressive injuries." The injuries so received are then alleged specifically. The petition prays damages in the sum of $35,000 and states that plaintiff's injuries were directly caused by the negligence of defendants, their agent, servant or employee in charge of the operation and control of the said street car, in negligently causing and permitting it to jump the track and stop suddenly as alleged.

The answer admits the corporate *status* of defendants and that, as such, they were engaged in the operation and control of the railways at the time complained of, and these admissions are followed by a general denial as to matters not so admitted. Upon the issues thus made the cause went to trial to a jury resulting in a verdict and judgment for plaintiff in the sum of $7500. Motions for a new trial and in arrest were unavailing and defendant appeals.

The facts of record are that on the occasion in question plaintiff was seated in one of the longitudinal seats at the rear of the car, but, owing to the shortness of her stature, her feet did not reach the floor. It is admitted she was a passenger for hire. It is not disputed that

the rear truck of the car left the track at the curve mentioned in the pleadings and that it bumped along the right of way for a distance of thirty to fifty feet. Plaintiff's testimony shows she was thrown from her feet but as to her exact posture there is conflict. She testified she was thrown against other seats and to the floor in a sitting position. Defendants' testimony on this point is that she was thrown to her hands and knees. She was helped to her feet from the car and to a nearby residence, from whence she was taken to her home and a physician called to attend her.

There are but two assignments of error for our consideration. It is charged the court erred in giving plaintiff's instruction No. 1, which was given over the objection of defendants and exception saved. The instruction is long and we deem it unnecessary to set it out in full. However, it purports to cover the entire case and directs a verdict. It is pointed out the instruction tells the jury that if they find "the said receivers or their said agent caused and permitted said street car to jump the track and stop suddenly, if so, and as a direct result plaintiff was thrown from her seat and injured, if so, then the presumption is that it was caused by some negligence of said receivers or their said agent (if you find he was their agent) and the burden of proof is cast upon the defendant to rebut this presumption of negligence and establish the fact that there was no negligence on the part of said receivers or their said agent, if so, and that the injuries, if any, sustained by the plaintiff were occasioned by inevitable accident or by some cause which the highest degree of care could not have avoided and unless the defendant does rebut said presumption of negligence or establish the fact of such other causes, the verdict should be for plaintiff."

In their brief, counsel for defendants state:

"We submit that this instruction is erroneous in that when the street car jumped the track and stopped suddenly, the presumption arises that the car would not have done so unless defendant was negligent. So far the instruction was correct."

Counsel argue that there does not arise a presumption that plaintiff was thrown from her seat, nor does there arise a presumption that she was injured thereby. It is urged the instruction told the jury that if they found the street car jumped the track and threw plaintiff against the seat and injured her, then the presumption is that the injury was caused by some negligence of defendants, and the burden is cast upon defendants to establish the injuries, if any, sustained by plaintiff, were occasioned by inevitable accident, etc.

We do not agree with the position of defendant in this respect. Certainly it could not be presumed that plaintiff was so injured. The only presumption referred to is that if the accident occurred in the manner alleged by plaintiff and admitted by defendant, then the negligence of defendant is presumed. The instruction does not go so

far as to presume that plaintiff was injured, or that her injuries were caused by such presumed negligence. But it requires a finding that plaintiff was injured by such presumed negligence. Note the language of the instruction:

"If . . . the said receivers . . . caused and permitted the said street car to jump the track and stop suddenly, if so, and as a direct result plaintiff was thrown from her seat and injured, if so, then the presumption is that it was caused by some negligence of said receivers . . . and the burden of proof is cast upon defendant to rebut this presumption of negligence and establish the fact that there was no negligence on the part of the receivers . . . if so, and that the injuries, if any, . . . were occasioned by inevitable accident, or some cause which the highest degree of care could not have avoided," etc.

It is clear the instruction is not erroneous in the manner suggested. In Stofer v. Dunham et al., 208 S. W. 641, this court had to deal with the question here presented. We there held that the term "burden of proof" has two meanings, (1) the obligation to establish the truth of the claim or cause of action by a preponderance of the evidence which rests on the party asserting it and never shifts; and (2) the duty to produce evidence at the beginning, or at some subsequent stage of the trial to make, or meet, a prima-facie case. [10 R. C. L. 897.]

In the case at bar the element of negligence was shown prima facie by proof of the car jumping the track. Defendants admit the instruction is correct in stating that after such showing the doctrine of *res ipsa loquitur* applies and that the burden is then on defendant to rebut the presumption of negligence. So far, there is no dispute as to the rule. But, as further elements of plaintiff's case it must be shown by a preponderance of the credible evidence that plaintiff was injured and that such injuries were due to the said negligence. Whether plaintiff met these requirements was a question for the jury, and, as we read the instruction, it requires a finding as to these elements. Obviously, it cannot be contended that it may be presumed that plaintiff was injured, nor that such injuries, if any, were due to defendant's negligence. What we are holding is that the instruction complained of requires a finding on that point.

Defendants insist that the instruction is erroneous in that it employs the words "inevitable accident" it fails to define the term. We hold the instruction not erroneous in this respect. While, in a sense, the term might be considered technical, yet, in the circumstances here presented, we are not convinced the instruction is fatally erroneous in failing to define it. There was no evidence offered on the part of defendants of any intervening cause for the derailment of the car and no evidence of any accident tending to cause the car to leave the track. There seems to be no real contest except as to the injuries,

Under the circumstances it is difficult to see how defendant could have been prejudiced for failure to define the term and we are not convinced that the words "inevitable accident" are sufficiently technical to require a definition in plaintiff's instruction. In Brickell v. Fleming et al., 281 S. W. 951, 960, the Supreme Court said of the words "high, dangerous and negligent rate of speed:"

"A jury which under the evidence in this case would not comprehend the foregoing instructions would certainly be incompetent to try any issue intelligently. We are unwilling to believe that the juries of Jackson county are so ignorant that they do not know the meaning of plain words in daily use like these. Moreover, the sufficiency or correctness of the instruction must be gathered from it as a whole, and not by critically separating it and then attacking the detached sections in detail. [Alberger v. White, 23 S. W. 92.]

" 'It is not necessary that the meaning of ordinary words and phrases, used in their usual and conventional sense, should be defined in instructions. Attempts to define ordinary words or phrases such as those criticized in this case more often mystify than elucidate. [Warder v. Henry, 23 S. W. 776, 117 Mo. 530; Muehlhausen v. Railroad, 2 S. W. 315, 91 Mo. 332; Cottrill v. Krum, 13 S. W. 753, 100 Mo. 397, 18 Am. St. Rep. 549.]'

"This is the general rule. [38 Cyc. 1686.] If appellants desired a more specific instruction, they were at liberty to ask it. Finding no prejudicial error in the record, the judgment is affirmed." [Crapson v. Wallace Bros., 81 Mo. App. 680; Maloney v. Rys. Co., 237 S. W. 509.]

In our opinion the jury could not have been either mystified or misled by the failure of plaintiff's instruction to define the term complained of. It was said in the Maloney case, loc. cit. 515:

"If counsel was fearful that the jurors might be misled by the language above quoted, he should have asked an instruction defining his own theory of the law on that subject. [Berryman v. Southern Surety Co., 227 S. W. loc. cit. 101, and numerous cases cited.] The foregoing assignment of error is overruled."

And in Hoover v. Railway Co., 227 S. W. (Mo.) 77, it is said:

"If counsel for appellant thought said instruction was incomplete, misleading, confusing, or contained any language which might lead the jury astray, they should have asked the court to give such an instruction as they deemed proper, embodying their own ideas of the law relating to this subject. Having failed to do so, they are precluded from complaining of the one given in behalf of plaintiff." We rule against defendants on this point.

Finally it is urged the verdict is so excessive as to indicate passion and prejudice on the part of the jury. We are frequently asked to reverse a judgment because of alleged excessiveness of the verdict rendered, but are loth to interfere in this respect. This is essentially

true because the jury and the court are in closer contact with the parties and their witnesses and are better able to judge fairly in such matter than is an appellate court with only the cold type before it.

There is. no question but that plaintiff .was hurt in the accident and this much was admitted by defendants' witnesses. There was evidence of a prior injury involving of the symptoms complained of in this case but there was proof of injuries not involved in the former accident, chief of which was the injury to the coccyx. The proof of these injuries was before the jury for their determination as to extent and permanency. We think the situation here presented not such as to warrant our interference, and, in thus holding, we have in mind similar rulings in the following cases: Stokes v. Rys. Co., 173 Mo. App. 676, 160 S. W. 46; Wellman v. Rys. Co., 219 Mo. 126, 118 S. W. 31; Briscoe v. Rys. Co., 222 Mo. 104, 120 S. W. 1162; Bergfeld v. Dunham, 228 S. W. 891; Hurst v. Ry. Co., 280 Mo. 566; 219 S. W. 566. We quote in this connection a paragraph from a dissenting opinion by WALKER, J. in Hulse v. Ry. Co., 214 S. W. 566, 569, as follows:

''Limited as an appellate: court is, of necessity, to the cold and irresponsive letter of the record, it is far less capable of justly determining the extent of an injury in a case of this character than the trial jury. In this case the jury not only heard the injured man and his witnesses testify as to his hurt, but they saw his condition. . . . Human injuries admit of no parallels, and there can be no such cases. The impairment of a faculty or a function for which legal redress may be sought, although seemingly similar in two different cases, may be as widely different as are the individuals who are injured. . . . Besides, measured by a purely commercial standard, $12,000 today' is more than a $7000 verdict five or ten years ago.''

For reasons above stated, we do not feel warranted in disturbing the verdict and judgment. The judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.