The Consolidated Coal Company of St. Louis

*v.*

Thomas Bruce.

*Filed at Mt. Vernon June 19, 1894.*

1. Evidence—*proof of ownership of a mine.* On the trial of a suit brought by a miner against the alleged owner and operator of a mine, one of the witnesses designated the mine as the defendant's, and one of the surgeons who treated the plaintiff for his injuries testified that the defendant paid him for attending on either the defendant or some one else injured at the mine: *Held,* that such evidence, uncontradicted, had some tendency to show that the defendant was the owner of the mine, and was sufficient evidence to justify the court in submitting the question to the jury.

29—150 Ill.

2. Negligence— *whether proven.* The failure of a miner, while moving a car in a dark, low and narrow passage of a coal mine, having no other light than a lamp carried by him, to discover such a grade in the track upon which the car was standing as would cause the car to run of its own momentum, without having his attention previously called to the grade, does not raise any implication of negligence on the part of the miner, so as to defeat a recovery by him for a personal injury. On the contrary, the failure to make such discovery may be entirely consistent with the exercise of ordinary care.

3. Same—*a question for the jury.* Where a plaintiff, in his testimony, fully details the circumstances attending his injury, the question, whether he was in the exercise of due care or not, depends wholly upon the construction and force to be given to his evidence. It is a mere question of fact for the jury whether the plaintiff was guilty of negligence.

4. Practice in the Supreme Court—*errors not urged in the Appellate Court.* This court is not disposed to hold that any error was committed by the Appellate Court in overruling or ignoring assignments of error which were not insisted upon or called to its attention.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Clinton county; the Hon. A. S. Wilderman, Judge, presiding.

Mr. Charles W. Thomas, for the plaintiff in error.

Messrs. Van Hoorebeke & Ford, for the defendant in error.

Mr. Justice Bailey delivered the opinion of the Court:

This was an action on the case, brought by Thomas Bruce against the Consolidated Coal Company of St. Louis, to recover damages for a personal injury. The declaration consisted of two counts, but as the second count was not relied upon by the plaintiff at the trial, it need not be referred to.

The first count alleges, in substance, that at and before the date of the injury complained of, the defendant owned and operated a certain coal mine in Trenton, Clinton county; that certain parts of the mine were extra-hazardous and dangerous for persons unacquainted with the topography of the mine

and its condition; that it was the duty of the defendant to inform and notify its employes, on entering upon their duties in the mine, of the places therein which were extra-hazardous and dangerous, before sending them to work in such parts of the mine, and inform them of the nature and character of such extra hazards and dangers; that on or about January 1, 1891, the plaintiff was employed by the defendant to shovel and load coal in the mine, and that he hired to the defendant for that purpose; that the defendant was informed by the plaintiff that he had but little experience in mines, and none except in shoveling and loading coal; that after his employment by the defendant, to-wit, on the day above mentioned, he commenced to work in the mine at the work he was employed to do, and continued at such work until February 25, 1891, when he was ordered and directed by the defendant to proceed to a part of the mine with which he was wholly unfamiliar and in which he had never been, and bring away a car loaded with dirt then standing in the entry way near one of the rooms of the mine, and unload it in one of the empty rooms some distance along the entry; that the part of the mine where the loaded car was standing, and along the entry to the place where the car was to be unloaded, was extrahazardous and dangerous, owing to the steep grade in the entry, of which the plaintiff had no notice or knowledge, and was not informed by the defendant; that he proceeded with due care and caution to push the car, for the purpose of moving it along the entry to the place of unloading, but finding that for some reason it would not move, he went in front of it and found some dirt in front of the wheels, which he proceeded to remove; that he then, with due care and caution, pulled on the car, to see whether it was free, when it started forward down the grade, gaining greater velocity as it went; that he endeavored to stop it as it started, so that he might be able to get behind it, but was unable to do so, owing to the steep grade and the momentum of the car; that owing to his

efforts to stop the car, his light was extinguished, and he was left in total darkness, and not being familiar with that part of the mine, and owing to the great speed of the car, he was unable to get out of the way, but was unavoidably struck by the car and thrown against the side of the entry, whereby he received the injuries complained of.

The defendant pleaded not guilty, and at the trial the jury found the defendant guilty, and assessed the plaintiff's damages at $2000. While the defendant's motion for a new trial was pending, the plaintiff remitted $500 from his damages, and the court thereupon denied the defendant's motion, and rendered judgment in favor of the plaintiff for $1500 and costs. On appeal to the Appellate Court the judgment was affirmed, and the judgment of affirmance is now brought to this court for review by writ of error.

At the trial, the defendant introduced no evidence, but at the close of the plaintiff's evidence, the defendant's counsel asked the court to instruct the jury to find the defendant not guilty. This instruction the court refused to give, and the defendant excepted.

The first point made by the defendant's counsel in this court is, that there was no evidence tending to show that the defendant owned or operated the mine in question, and it is contended that because of such defect of proof, the instruction to find the defendant not guilty should have been given. While it is true that the evidence on this question is slight, we can not say that there was no evidence tending to show the defendant's ownership of the mine. One of the witnesses, in speaking of the mine in which the plaintiff was employed and where he was injured, designates it as the defendant's mine. That testimony, uncontradicted and unchallenged, had some tendency to show that the mine was owned and operated by the defendant. One of the surgeons who treated the plaintiff for his injuries was asked whether the defendant paid him his bill for his services and answered that there was

one case in which his bill was paid, but whether it was this one or another he did not remember. If it be true that the defendant, as the witness evidently means to be understood, paid his bill for services as a surgeon rendered to the plaintiff or some one else in treatment of injuries received in this mine, some inference might also arise from that fact that the defendant was operating the mine. On the whole, we think there was sufficient evidence applicable to the question to justify the court in submitting it to the jury.

It is next urged that the first count of the declaration sets forth no cause of action, the criticism upon it being, that upon its face, it shows the absence of due care on the part of the plaintiff. It is contended that if there was a steep grade at the place where the car which the plaintiff was directed to unload was standing, that was a fact which the plaintiff must have seen and known, and that his starting the car by pulling it towards him, knowing, as he must have done, that the grade was one down which the car would run of itself with a momentum which he could not control, was an act which, on its face, was wanting in ordinary care and prudence. We are unable to find any substantial basis for the criticism of the declaration thus sought to be made. It proceeds upon the assumption that the slight deviation from a horizontal line sufficient to cause a loaded car to run of its own momentum on iron or steel tracks, could be readily discovered by casual observation, in one of the dark, low and narrow passages of a coal mine, with no other light than the lamp carried by the miner. We can not say that a failure to discover such a grade under such circumstances, on visiting that part of the mine for the first time, and without having had his attention previously called to the subject, would raise any implication of negligence. On the other hand, we think his failure to make such discovery might be entirely consistent with the exercise of ordinary care.

It is also insisted that the evidence fails to show that the plaintiff, at the time he was injured, was in the exercise of

ordinary care. Much the same argument made in relation to the averments of the declaration is also used in support of this proposition. All we need add to what has been already said is, that the plaintiff having, in his testimony, fully detailed the circumstances attending his injury, the question whether he was in the exercise of due care or not depends wholly upon the construction and force to be given to his evidence. It is therefore a mere question of fact which is conclusively settled by the judgment of the Appellate Court and which we have no power to review.

The further point is made that there is no evidence tending to show that the plaintiff was in the defendant's employ. There is evidence tending to show that the plaintiff was employed by and was working under the directions of a foreman who was superintending the operation of the mine. This, taken in connection with the evidence above referred to tending to show that the defendant was owning and operating the mine, was sufficient to make it a question for the jury to determine, whether the relation of master and servant existed between the defendant and plaintiff.

Some criticism is made upon one instruction given to the jury at the instance of the plaintiff. It appears that, in the Appellate Court, no complaint was made of any of the rulings of the court in the instructions, and as the judgment of that court is the only matter subject to review here, we are not disposed to hold that any error was committed by it in overruling or ignoring assignments of error which were not insisted upon or called to its attention. We have examined the instruction complained of, however, and find it subject to no just criticism.

As we find no error in the decision or judgment of the Appellate Court, its judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice Phillips did not sit in this case.