BETTYS v. TOWNSHIP OF DENVER.

1. PLEADING—DEFECTIVE BRIDGE—SUFFICIENCY OF DECLARATION
—DEMURRER.
    In an action for injuries due to a defective bridge, an objection
    that the declaration does not sufficiently specify the defects
    in the bridge should be raised by demurrer.

2. APPEAL—ASSIGNMENTS OF ERROR—OBJECTIONS.
    An assignment of error upon the admission of testimony is
    without force where no ground of objection was stated in
    the lower court.

3. WITNESSES—COMPETENCY.
    A bridge builder may testify as to the effect of the loosening
    of timbers forming a brace in a bridge.

4. TOWNSHIPS—BRIDGES—DUTY OF INSPECTION.
    A township is bound to make a reasonable inspection of high-
    way bridges maintained by it, and is liable for injuries result-
    ing from the failure to observe that duty.

Error to Newaygo; Palmer, J. Submitted November
6, 1897. Decided December 7, 1897.

Case by Carrie Bettys against the township of Denver
for personal injuries. From a judgment for plaintiff, de-
fendant brings error. Affirmed.

*George Luton*, for appellant.

*A. F. Tibbitts* (*Martin Rozema*, of counsel), for
appellee.

HOOKER, J. The plaintiff was injured by the breaking
down of a bridge, which gave way under the weight of a
team and light wagon in which she was riding.

The objection that the declaration was not sufficiently
specific in pointing out the defects in the bridge need not
be discussed here, further than to say that, if there is any
force in the point (which we do not intend to imply), it
should have been raised by demurrer. *Snyder* v. *City*

*of Albion*, 113 Mich. 275. This ruling disposes of the first and fourth assignments of error.

The second assignment is without force, as no ground of objection was stated. The third was waived, as shown by the statement in the record that "counsel for the defendant waives all objection to the introduction of evidence relating to admissions made by the township officers in regard to the condition of the bridge, or the necessity for a new one being put in."

We think the question put to the witness Cronk, who was a bridge builder, as to the effect of the loosening of timbers forming a brace, was proper. The ground of the objection was that it was a matter of common knowledge, and therefore for the jury.

The sixth assignment alleges error upon the refusal to direct a verdict for the defendant. It is contended that there was no evidence of actual notice, that the testimony conclusively negatives the claim of constructive notice, and that the case of *Blank* v. *Township of Livonia*, 79 Mich. 1, is substantially on all fours with the present case. We are of the opinion that the cases differ materially, and that there was evidence to go to the jury upon the question.

It is urged, further, that—

"The court erred in instructing the jury as follows:
"'Did others see, and did others understand, that this timber was affected with dry rot? And did this highway commissioner see, or did he understand— Did this highway commissioner make an inspection in order to understand— It was his duty to do so. And could he, by a careful inspection, have ascertained the fact whether or not this timber was affected with the dry rot, hence rendering the bridge unsafe or unfit for public travel? Did he know of this dry rot, or could he, by inspection made, have ascertained that this dry rot existed?'"

The last sentence of this assignment is not found in the charge in connection with what precedes it, as the quotation would indicate. Nor do we discover that this sentence is a correct copy of what appears anywhere in the

charge. As given, it appears to imply that if, by an inspection, the commissioner could have detected dry rot, the township was at fault. More than a page of the charge intervenes between this sentence and the remainder of the assignment (which precedes it in the charge), and the discussion concludes with the following, which includes the sentence referred to:

"Now, gentlemen, after all I have said to you, and after having read to you the instructions requested by both the plaintiff and defendant, the simple question for you to consider resolves itself into one or two questions of fact: Was the bridge reconstructed in the manner as claimed by this defendant in 1889? Did the highway commissioner, in June, 1894, repair the bridge? Did he remove the plank therefrom? Did he test the soundness of both of these outside stringers by pounding along on each side of them, as he claims, and hacking in with an ax all along the timbers, or, in particular, the places where they broke, and did he do it in good faith, for the purpose of ascertaining their safe condition? Did he know of this dry rot, or could he, by the inspection made, have ascertained that this dry rot existed? Now, if he could not, and did as he claims he did, then the law will exonerate the township, and your verdict must be for the defendant."

Obviously, instead of implying the necessity of an inspection, the judge was discussing the sufficiency of one actually made. We think that counsel should be careful not to put us to the trouble of finding such discrepancies. If different portions of the charge are to be grouped in one assignment of error, without showing fully the connection in which the respective quotations were used (a practice not to be commended), the fact should at least be indicated by the usual methods adopted by printers to indicate an omission. In the light of the remainder of the charge, we think his parenthetical remark, that "it was his [the commissioner's] duty to do so" (*i. e.*, make an inspection), meant no more than the duty of reasonable inspection, which, under the case of *Township of Medina* v. *Perkins*, 48 Mich. 71, rests upon the township.

We find the record free from error, and the judgment is affirmed.

The other Justices concurred.