JOHN FISCHER et al., Respondents, v. EDWARD
HEITZEBERG PACKING AND PROVISION
COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Expert Testimony**: WITNESS. In order to qualify a witness to
speak as an expert it is only necessary that the matter inquired of in-
volves special knowledge or skill, and that he should satisfy the court
that he is possessed of these qualities, either by actual experience or
study.

2. **Instructions**: PRACTICE, TRIAL: JURY. The instructions given in
a case must be taken as a whole and read together, and when so con-
sidered, if there is no reasonable ground to apprehend that the jury
were misled, the judgment will not be reversed for a mere general-
ity in one which is clearly and distinctly corrected in another.

3. ———: FELLOW SERVANT: PRACTICE, TRIAL: NEGLIGENCE. Where
there is no substantial evidence that the negligence was the act of a
fellow servant, the court is warranted in not submitting the question
to a jury.

4. ———: STATUTORY CONSTRUCTION: AGGRAVATING CIRCUMSTANCES:
EVIDENCE. Under sections 4426 and 4427, Revised Statutes of Mis-
souri 1889, where there is in the record of a case, as in the case
at bar, any fact which tends to show a circumstance of aggra-
vation in the injury of plaintiff's deceased father it is the clear duty
of the court under an appropriate instruction to permit the jury to
pass on said evidence.

5. ———: ———: ———: PRACTICE, APPELLATE: PRACTICE, TRIAL.
The evidence in the case at bar warranted the trial court in follow-
ing the words of the statutes as given in sections 4426 and 4427, Re-
vised Statutes of Missouri 1889.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

F. & ED. L. GOTTSCHALK for respondents.

The evidence detailed by witness Parkinson was
competent, giving his opinion as an expert upon the

matter in hand, and at the same time detailing the facts upon which his opinion, as expert, was based: he was an engineer of seven years experience; was called upon to examine the tank in question, he did examine it and gives the facts found, and communicated them to the defendant, together with his opinion based upon these facts. The jury had the facts before them, from which they could find whether the tank was reasonably safe or not. "An expert is supposed to have some special knowledge over and above men of ordinary education, derived from his peculiar pursuits or experience, that entitles his opinion to be received in evidence." Gavisk v. Railroad, 49 Mo. 276, cited and relied on by appellant, and see Benjamin v. Railway, 50 Mo. App. 607; Goins v. Railway 181. "It may be laid down as a general rule, that the opinion of a witness possessing peculiar skill is admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance." When defendant by an instruction of its own supplies the elements omitted in plaintiff's instruction it ought not. to complain. Redpath v. Lawrence, 42 Mo. App. 101, cited by appellant, decides that defendant's instructions are quite contradictory of those given for the plaintiffs. State v. Brumley, 53 Mo. App. 126: The instructions were held to be irreconcilable. So it is held in Gregory v. Sitlington, 54 Mo. App. 63. That there is a manifest conflict in these instructions, and they can not stand together. And in State v. Cobb, 117 Mo. on page 386, the court lays down the rule that "an erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith." It is only where instructions are in conflict one with the other that the jury may be mislead, but when plaintiff's instruction manifestly implies what

defendant's instruction directly asserts, there is no inconsistency, and the instruction as a whole will be deemed sufficient in this regard. Pike v. Eddy, 53 Mo. App. 506. An omission in an instruction may be supplied by its insertion in another one. State v. Taylor, 118 Mo. 153; Crawford v. Doppler, 120 Mo. 362. And all instructions ought to be read together, and if they, when so read together, present the law to the jury, it will be sufficient. Burdoin v. Trenton, 116 Mo. 358; Easely v. Railroad, 113 Mo. 236. The defendant has two instructions on the assessment of damages, namely: the second and the last, which renders it impossible for the jury to be misled by plaintiffs' instruction complained of. It is true that by a clerical error the name of plaintiffs' father is mentioned in one of the instructions as Charles, when it should be John, but there was no dispute in the case as to the identity of the person killed with the father of the plaintiffs, and the testimony of all the witnesses speaks of the deceased as John Fischer. This slip of the pen could not mislead the jury. In Shortel v. City of St. Joseph, 104 Mo. 121, the defendant's instruction uses in one place the word plaintiff, when it should be defendant, and in another place the word defendant, when it should be plaintiff. Says the court: They are mere clerical errors, readily discovered upon reading the instructions, and constitute no ground whatever for a reversal. There was no evidence whatever before the jury to which that part of the instruction struck out by the court could have applied, as to the explosion being caused by the negligence of a fellow employee. There has been no claim made in the case that the explosion was caused by the negligence of a fellow workman, even the defendant does not claim so. Mr. Heitzeberg testifies that he does not know what caused the explosion. There was error in inserting the

words "aggravating or" in defendant's instruction. If there were any facts or circumstances developed by the testimony upon which defendant might base his instruction, as to mitigating circumstances, then there were more facts and circumstances which aggravate the wrong done by defendant.

LUBKE & MUENCH for appellant.

The court erred in allowing the witness, Parkinson, to give in evidence his opinion as to the "safety" of this boiler. The answer to that question necessarily depended upon many other contingencies, and was one for the jury to arrive at. King v. Railroad, 98 Mo. 235–240; Koons v. Railroad, 65 Mo. 597; Eubank v. Edina, 88 Mo. 655; Gavisk v. Railroad, 49 Mo. 276; Gutridge v. Railroad, 94 Mo. 472. The instruction for plaintiffs on the measure of damages was misleading and insufficient, and furnished to the jury no sound or satisfactory rule upon which to estimate such damages. Goss v. Railroad, 50 Mo. App. loc. cit. 623; McGowan v. Ore & Steel Co., 109 Mo. 518, 534, et seq. The vice in the above instruction is not cured by instructions given for defendant, which differ from, and are in conflict with the one given for plaintiffs. Frank v. Grand Tower, etc., 57 Mo. App. 181; Redpath v. Lawrence, 42 Mo. App. 101; State v. Brumley, 53 Mo. App. 126; State v. Cable, 117 Mo. 380; Gregory v. Sitlington, 54 Mo. App. 60. The first instruction given for plaintiffs is likewise defective in allowing a recovery if it is found that plaintiffs are the children of Charles Fischer. The petition averred that plaintiffs were the issue of John Fischer. The answer denied this. * * * The court erred in striking from the first instruction offered by defendant that portion which declared defendant's non-liability in case the explosion was directly caused

by the negligence of a fellow employee.   *   *   *
Higgins v. Railroad, 104 Mo. 413, and cases cited.
The court erred in inserting the words: "aggravating
or," into the second instruction asked by defendant.
Defendant may not have been entitled to submit to the
jury the question of mitigating circumstances surround-
ing the transaction, but this does not justify an instruc-
tion to the jury authorizing them to aggravate the
damages beyond mere compensation, especially without
defining the meaning of these words.   McGowan v.
St. Louis Ore and Steel Co., 109 Mo. loc. cit. 536, and
cases cited; Morgan v. Durfee, 69 Mo. 469, 478.   What
are "pecuniary damages necessarily resulting to said
plaintiffs from the death of their father,"   *   *   *
having "regard to any aggravating or mitigating cir-
cumstances attending the alleged wrongful act?"

BOND, J.—This is an action by the minor children
of John Fischer, deceased, by their next friend in de-
fault of a suit by the widow, to recover damages for the
death of their father occasioned by the explosion of a
tank used by defendant for rendering fat, lard, offal
and the like, which the petition alleges had become
dangerous with the knowledge of defendant, where-
fore it exploded and killed the said John Fischer while
he was engaged, near said tank, in his duties as an
employee of defendant.   The answer admitted the in-
corporation of defendant, but denied every other allega-
tion in the petition.   On the trial there was evidence
tending to prove the allegations of the petition.   The
jury returned a verdict for plaintiffs for $2,500, from
which defendant duly appealed.

The first error assigned by appellant relates to the
reception over its objection, of the testimony of Charles
Parkinson, as to the safety and unsafety of the grease
tank, whose explosion caused the accident sued for.

The question was put to the witness as an engineer, and he was required to give an opinion as such, whether or not it (the tank or machine) was safe or unsafe, for the purposes for which it was used. In the light of the previous testimony of the witness, that he was a mechanical engineer of seven years experience—four and one half of which were spent in the employ of the defendant, and that it was a part of his duty to examine the tank in question and others provided by defendant; that he did examine the first shortly before the accident and found it to be defective; that he thinks it was only one eighth of an inch thick; that he could tell whether it was thin or not by a stroke on its sides; that when he struck the sides of the one it caved in, which would not happen in the case of one that was sound—we can not see how any valid objection could be made to the expression of opinion by the witness as to the safe or unsafe condition of the machine. In order to qualify a witness to speak as an expert it is only necessary that the matter inquired of involves special knowledge or skill, and that he should satisfy the court that he is possessed of these qualities, either by actual experience or study. Rogers on Expert Testimony, sec. 19, p. 45; Helfenstein v. Medart, 136 Mo. loc. cit. 615; Lawson on Expert Evidence, p. 70, rule 22. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417. Such evidence is merely advisory. Hull v. St. Louis, Trustee, 138 Mo. loc. cit. 618. Its purpose is to throw light upon questions which the witness is better able to solve than a jury of ordinary men. Rogers on Expert Testimony, p. 33, sec. 12. It is self-evident that such a jury could not in the case at bar, upon a mere description of the machine at the time of the explosion, form as correct a judgment of its likelihood to burst as an experienced

*Expert testimony: qualifications of expert.*

mechanical engineer. The point under review is therefore ruled against appellant.

It is next complained that the court erred in its instruction given for plaintiffs, upon the measure of damages. The instruction in question is to wit: "If you find for the plaintiffs, you will assess their damages at such a sum not exceeding $5,000, as you find from the evidence will compensate plaintiffs for the pecuniary loss sustained by the death of their father; and to arrive at the amount of damages you may consider all the circumstances developed by the testimony, the ages of plaintiffs, the age of the deceased, the amount of his earnings, and such other facts in evidence as tend to enable you to ascertain such loss." Conceding that there was some want of precision and definiteness in the language of this instruction, and that if it had been left alone the exact elements of the damages recoverable might not have been apparent to the jury, yet no difficulty could have been experienced when they read the clear, explicit and correct statement of the damages recoverable in this action contained in the qualifying instructions given at the request of the defendant. The rule is too well settled for a citation of authorities, that such instructions must be taken as a whole and read together, and when so considered, if there is no reasonable ground to apprehend that the jury were misled, the judgment will not be reversed for a mere generality in one which is clearly and distinctly corrected in another.

It is next insisted that instruction number 1 for plaintiffs by a misnomer called the father of the plaintiffs Charles Fischer, instead of referring to him by his real name of John Fischer. There is no merit in the contention that this constituted reversible error. The entire record shows that the correct name of the

deceased was John Fischer. Such a mere clerical in-
advertence could not have misled or confused the jury.
Complaint is also made of the elision from one of the
instructions given on behalf of the defendant of the
hypothesis that the deceased met his death by reason
of the act of a fellow workman. We are unable to see
any warrant in the testimony for the submission of such
an issue. As there was no substantial
evidence that the explosion was caused by
the act of a fellow servant, the court was
warranted in refusing to submit that issue to the jury.

FELLOW servant: evidence.

The next instruction complained of, is to wit:
"The court instructs the jury that if their finding
should be for the plaintiffs, they can not, by their
verdict allow to them more than the pecuniary dam-
ages necessarily resulting to said plaintiffs from the
death of their father, to wit: such an amount, if any,
as the jury may believe the deceased could have, out
of his probable earning, devoted to the maintenance,
training and education of his said children until the
time of their majority, and no longer; and in assessing
such damages, if any, the jury must likewise have re-
gard to any *aggravating or* mitigating circumstances
attending the alleged wrongful act, neglect or default
of defendant, whereby Fischer's death was caused, if
any such you find from the evidence." This instruc-
tion, except the italicized words "aggravating or," was
requested by appellant. The objection now made rests
upon the insertion of these words by the court. The
present action arises under the second section of our
damage act, which, and the damages recoverable
thereunder, are set forth in the present revision, to
wit: "Whenever the death of a person shall be caused
by a wrongful act, neglect or default of another, and
the act, neglect or default is such as would, if death
had not ensued, have entitled the party injured to

maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured." "All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 4425, and in every such action the jury may give such damages, not exceeding five STATUTORY construction. thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default." (R. S. 1889, secs. 4426 and 4427). From an inspection of the foregoing act it will be seen that the last clause of the last section expressly provides that in estimating the damages the jury may have *"regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."* If, therefore, there is in this record any fact or legislative inference therefrom which tends to show a circumstance of aggravation in the injury to plaintiff's father, it was the clear duty of the court, under the above statute, to permit the jury to pass upon such evidence. The testimony of Parkinson tended to prove that the representative of defendant was told of the dangerous character of the machine and advised that unless it was remedied there would be an explosion, resulting in the death of some of the employees; that notwithstanding such warning, the person to whom this report was made, replied that "it would have to last until the fall." In other words, with actual knowledge of the danger of its use he

AGGRAVATING cir-
cumstances.
decided to expose the workmen to such danger until the fall of the year. This evidence warranted the trial court in following the words of the statute in the instruction complained of. This was all that was done when the words ''aggravating or'' were inserted in defendant's instruction. Haehl v. Railway, 119 Mo. 325–342.

Finding no reversible error, the judgment is affirmed. All concur.