## MARTHA J. SQUIERS, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, June 8, 1903.

1. **Negligence: UNSAFE SIDEWALK: INSTRUCTION.** An instruction which permits a plaintiff to recover if the jury believe that the sidewalk in question was unsafe and defective in the slightest degree, is faulty, since a city is only required to keep its sidewalks reasonably safe.

2. ———: ———: ———. But where the defendant's instructions required the jury to find that the sidewalk was not reasonably safe it supplied the defect and is explanatory and not contradictory.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

AFFIRMED.

*R. J. Ingraham* and *J. J. Williams* for appellant.

(1) It has been repeatedly held that a sidewalk may be defective and yet the city not be liable for an

accident caused thereby. The time when notice ought to be taken does not begin when the sidewalk became defective merely, but when it became not reasonably safe for travel on account of the defect which caused the injury. Bonine v. City of Richmond, 75 Mo. 437; Badgely v. St. Louis, 149 Mo. 133; Robertson v. Railroad, 152 Mo. 392. (2) People used the walk, and didn't notice this loose board. That the defect was not so obvious as to impute notice is shown by plaintiff's testimony. Baustian v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 334.

*Anderson & Robinett* and *N. F. Heitman* for respondent.

(1) Now reading the two instructions together it is plain that the appellant's criticism on instruction 3 is utterly without merit. We ask the court to compare plaintiff's instruction number 1 in this case with plaintiff's instruction number 2 in the Perrette case. In the Perrette case the word "defective" alone is used, whereas in this case the words "defective and dangerous" are used in the instruction. (2) Counsel's criticism that notice of the particular defect causing the accident, or the opportunity to require such notice must be brought home to the defendant, so as to charge it with the duty of repairing the defect, is without merit; for it is that particular defect that caused the injury to the plaintiff that the jury are told in instruction number 3 must have been in an unsafe and defective condition a sufficient length of time to have charged the defendant with notice in the exercise of reasonable diligence. It is plain that the word "defective" refers back to the loose plank before mentioned in the instruction. (3) The evidence in this case shows that the sidewalk was an old, rotten, dilapidated sidewalk; swagged in three places by reason of the decay of the stringers, and that for a distance of more than one

hundred feet the boards were loose and decayed and nails rusted and rotten.

BROADDUS, J.—The plaintiff seeks to recover from the defendant city damages sustained by her by reason of the defective and dangerous condition of a certain sidewalk. The evidence showed that on the 13th day of March, 1901, while plaintiff, in company with her son, was passing over a sidewalk on the east side of West Prospect place in said city, at about fifty feet south of Twenty-eighth street, her son stepped upon one end of a board, which caused the other end to tilt up, thereby tripping plaintiff and causing her to fall, and by reason of which she was injured. She recovered judgment for the sum of $1,000, from which defendant appealed.

The contention of defendant is that the court erred in the giving and refusing instructions, and that the defect in the sidewalk in question was not so obvious as to impart notice. It is insisted that instruction number three given for plaintiff is erroneous and misleading, in that it did not submit to the jury the question whether or not the defect in the sidewalk was such as to render it on that account not reasonably safe, but instead, uses the words, "rendered said sidewalk at such time and place unsafe and dangerous." That the expression, "unsafe and defective," is not equivalent to the proper expression, "not reasonably safe," and that because a sidewalk is unsafe and defective does not necessarily imply that it is not reasonably safe. Said instruction is as follows: "The court instructs the jury that the plaintiff is not bound to prove that any officer or agent of the defendant Kansas City, Missouri, had actual notice of the condition of the sidewalk in question. And if you find from the evidence that on the 13th day of March, 1901, there was a loose plank in the sidewalk on the east side of West Prospect place, sometimes known as Jarboe street, at a point about

fifty feet south of Twenty-eighth street in said city, and
that the looseness, if any, of said plank at said time and
place rendered said sidewalk at said time and place un-
safe and defective, and that plaintiff was injured by
reason of such unsafe and defective condition of said
sidewalk, and that a sufficient length of time had elapsed
between the time, if any, when said sidewalk became
defective and the date of the injury, if any, to plain-
tiff, for the city by the exercise of reasonable diligence
to have discovered and repaired such defect, if any, in
said sidewalk, then the city was negligent in not discov-
ering and repairing said sidewalk.''

A similar instruction was considered in Robert-
son v. Railroad, 152 Mo. 382. It was there held that
the instruction ''in effect told the jury that plaintiff
was entitled to recover if the depot platform was in
an unsafe condition and out of repair, in consequence
of which she was injured, however slight the defect may
have been, while it was only required of defendant that
it keep it in a reasonably safe condition for persons
using it for the purpose for which it was intended, thus
imposing upon defendant a greater burden than the
law requires.'' The mere fact that the sidewalk was
unsafe for persons using it under the ruling in the
above case did not render the defendant liable. If it
was unsafe and defective to the slightest degree the
jury would have been authorized to find for the plain-
tiff, although it might have been reasonably so, for
the defendant would not be liable for every defect in
its sidewalk. But we are cited to the case of Perrette
v. Kansas City, 162 Mo. 238, wherein it is contended
a similar instruction was approved. The instruction
in that case was different from the one here in that the
term used was ''unsafe and dangerous,'' which is the
equivalent of not being reasonably safe; for the lan-
guage imparts more than a mere defective condition.

But plaintiff claims that if said instruction was
defective it was cured by those asked and given on the

part of the defendant. Instructions numbered six and seven properly declare the law. In number seven the jury are told that the mere fact that there was a defect or imperfection in the sidewalk where plaintiff claimed to have fallen, was not of itself sufficient to hold defendant liable; and that "unless the alleged defect or imperfection was such that the sidewalk was not on that account reasonably safe for travel in the ordinary modes by persons using ordinary care and prudence, their verdict should be for the defendant." Although plaintiff's instruction was faulty, yet if read in connection with that of the defendant the jury would not have been misled. Defendant's instruction is explanatory, rather than contradictory, of the former. Omissions in a plaintiff's instruction may be supplied by those given for the defendant. Gordon v. Burris, 153 Mo. 223; Fischer v. Packing Co., 77 Mo. App. 108.

The other objection made to this instruction is "more technical than real." We think the instructions as a whole fully and fairly presented the case to the jury.

Whether the defect in the sidewalk was so obvious as to impart notice to defendant was a question of fact for the jury. There was evidence of its general bad condition at and about the place where plaintiff was injured sufficient to warrant the verdict.

For the reasons given the cause is affirmed. All concur.