## MARY QUINLAN, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, February 7, 1904.**

1. **Municipal Corporation: Icy Sidewalk: Obstruction.** A municipality is liable for injury because of rough and uneven ice so rounded up and inclined as to constitute an obstruction and make the sidewalk unsafe for travel with the exercise of ordinary care, and the city should remove the same within a reasonable time after notification, whether such ice is formed by accidental or incidental discharge of water.

2. ———: ———: **Cure of Erroneous Instruction.** An instruction for a plaintiff relating to a city's liability for an icy sidewalk is held faulty because the jury was not told that such ice must amount to an obstruction rendering the walk unsafe; held, further that such fault is cured by defendant's instruction.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*R. J. Ingraham,* City Counselor, and *J. J. Williams,* Associate City Counselor, for appellant.

(1)   A city is not liable merely because a sidewalk is defective.   To create liability it must be not reasonably safe.   Blake v. St. Louis, 40 Mo. 569; Bonine v. Richmond, 75 Mo. 437; Robertson v. Railway, 152 Mo. 389; Carvin v. St. Louis, 151 Mo. 334; Warren v. Independence, 153 Mo. 593; Smith v. Brunswick, 61 Mo. App. 578; Wallis v. Westport, 82 Mo. App. 522.   (2) The city is not liable merely because ice on its walk is rough and uneven.   Reno v. St. Joseph, 169 Mo. 656. (3)   Plaintiff's instructions numbered 1 and 2 state a false ground of recovery, and are not cured by defend-

ant's instructions. Welsh v. Railway, 20 Mo. App. 477; Herbert v. Mound City S. and S. Co., 90 Mo. App. 305; White v. Ins. Co., 93 Mo. App. 282; Baer et al. v. Lutter, 85 Mo. App. 317; Dunham et al. v. Harling et al., 69 Mo. App. 509. (4) Plaintiff's instruction number 3 is erroneous. Cook v. Railway, 94 Mo. App. 417. (5) Plaintiff's instruction number 4 is erroneous. Bank v. Murdock et al., 62 Mo. 74. (6) The demurrer to the evidence should have been sustained. Reno case, supra.

*Henry J. Latshaw, Jr.,* for respondent.

(1) For the sake of the argument respondent could admit that its instruction number 1, did tell the jury to find for plaintiff under conditions which failed to include the reasonable safety of the sidewalk, and still under the law, appellant can not complain. Blackwell v. Hill et al., 76 Mo. App. 46; Squires v. Kansas City, 75 S. W. 194; Lesser v. Railway, 85 Mo. App. 326; Owens v. Railway, 95 Mo. 169; Edwards v. Railway, 94 Mo. App. 36; Knight v. Sadtler Co., 91 Mo. App. 574; Gordon v. Burris, 153 Mo. 223; Grace v. Railway, 156 Mo. 295.

BROADDUS, J.—This suit was begun in the circuit court of Jackson county and taken by change of venue to Lafayette county where it was tried and appealed to this court.

The plaintiff sues for damages claimed to have been sustained by reason of a fall caused by the slippery condition of defendant's sidewalk. The evidence developed that plaintiff slipped and fell on the east side of Cherry street about twenty feet north of the corner of Thirteenth street, on January 11, 1901. Prior to the time of her fall and injury there had been a fall of snow and sleet which the plaintiff's evidence tended to show had mostly disappeared. But this was controverted by the defendant. However, there was evi-

dence to the effect that the place where plaintiff slipped and fell, ice had formed from water freezing that had flowed down a spout leading to the roof of an adjacent house; that it formed to the extent of from two to six inches thick, about three feet wide beginning at the inside edge of the walk and extending diagonally across to the outside of it, and that it was rough and dented with abrupt edges. The testimony of plaintiff and her witnesses was that while passing along she came to the place described and when she stepped upon the ice so formed on the sidewalk her foot slipped and she fell and was injured. It was shown that the sidewalk was in the condition stated, more or less, for ten days previous to the accident.

There was a verdict for the plaintiff and defendant appealed.

It is one of defendant's contentions that the court should have sustained its demurrer to the evidence; but the facts stated plainly show that it was a case for the jury. It is the law that a city is not liable for the slippery condition of its streets caused by ice upon its sidewalks, unless it be that "the ice is so rough and uneven, or so rounded up, or at such an incline, as to make it an obstruction and to cause it to be unsafe for travel with the exercise of ordinary care." Reno v. St. Joseph, 169 Mo. 642. It was therefore a question for the jury under the evidence to determine whether the sidewalk under the condition described constituted an obstruction such as to render it unsafe for travel. In Reedy v. St. Louis, 161 Mo. 523, it was held: "Where the sidewalk is in fact rendered dangerous to pedestrians because of slippery ice formed from the accidental or incidental discharge of water, such not being the prevalent condition of sidewalks at the time, it is the duty of the city to cause the danger to be removed within a reasonable time after it has notice or by the exercise of ordinary care could have discovered the dangerous condition."

Instruction number one is objected to by defendant

for the alleged reason that it, "authorized a recovery by plaintiff without regard to whether or not the ice made an obstruction or had any effect at all on the safety of the sidewalk. If only rough and uneven ice was a proximate cause of the fall the jury were told that plaintiff should recover." Said instruction is as follows: "The court instructs the jury if you find and believe from the evidence that at the time plaintiff slipped and fell the sidewalk at the point where she slipped and fell was covered with rough and uneven ice, and that said rough and uneven ice, if any, had remained upon said sidewalk at said point for a sufficient long time prior to the time plaintiff slipped and fell for the defendant by the exercise of ordinary care and caution to have known of the presence of said ice, if any, and in time for defendant to have had a reasonable opportunity to have removed said ice, or to have caused the same to be removed; and if you further find and believe from the evidence that said ice, if any, was a direct and proximate cause of plaintiff's slipping and falling, then the court instructs you that defendant is not relieved of its liability, if any to plaintiff, on account of the fact, if you find and believe from the evidence it is a fact, that said sidewalk at said time was covered with sleet, even though you further find and believe from the evidence that said sleet, if any, was also one of the direct and proximate causes of plaintiff's slipping and falling." The criticism is just. Rough and uneven ice may have existed at the point in question but that fact did not render it unsafe within the meaning of the law unless it amounted to an obstruction such as to render it unsafe to pedestrians.

While the plaintiff does not admit that said instruction is faulty, she claims that if it should be so held, the fault was cured by defendant's instruction number one. It must be admitted that said instruction contains many curative properties. It practically covers the whole

case, being clear, concise and comprehensive. It is as follows:

"The jury are instructed that the defendant, Kansas City, is under no obligation to the traveling public who may use its sidewalks to remove from such sidewalks sleet or ice which produces a slippery condition only, nor is it responsible for injuries sustained solely by reason of any of its sidewalks being in a slippery condition because of ice or sleet thereon. Nor is it responsible merely because the ice or sleet is rough, or uneven; unless you find from the evidence that the ice or sleet where plaintiff claims she fell was so rough or uneven that its roughness or unevenness made it an obstruction, and caused the sidewalk to be unsafe for travel with the exercise of ordinary care, or find that it had been permitted to accumulate and remain upon the walk, until, by thawing and freezing, it became an obstruction, and thereby rendered the sidewalk unsafe for travel; and that the defendant city had knowledge of such obstruction, or by the exercise of reasonable care might have had knowledge of such obstruction long enough before the accident to have removed the same before the accident, or by the exercise of reasonable care, then the defendant is not liable, and your verdict should be for it."

In Blackwell v. Hill, 76 Mo. App. 46, this court held: "An instruction for the plaintiff which was incomplete in that it did not leave to the jury the question whether the sidewalk was reasonably safe, is supplemented by ample instructions on this point given for the defendant, and the error is nonprejudicial." In Squiers v. Kansas City, 75 S. W. 194, court also held: "Error in plaintiff's instruction that if a loose plank rendered the sidewalk 'unsafe and defective' and plaintiff was injured thereby, to find for her, is cured by defendant's instruction, that defendant would not be liable merely because there was a defect or imperfection in the sidewalk, unless it was such that on account

of it the sidewalk was not reasonably safe for travel.''
Many other cases might be cited of a like character.

It is proper therefore to hold under the foregoing
rule that the error complained of was not prejudicial.
The plaintiff's second instruction is similarly faulty.
It is substantially like her number one. And we do not
think it was misleading in view of what has heretofore
been stated. Objections are made to other instructions
of plaintiff but we do not think they are well founded.
Nor did the court commit error in rejecting those of de-
fendant not given.

For the reasons given the cause is affirmed. All
concur.