SARAH HAMMER, as Administrator of the Estate of Louis H. Hammer, Deceased, Appellee, v. ROSE JANOWITZ, Doing Business as the "The Sioux City Boiler and Sheet Iron Works," Appellant.

Master and servant: NEGLIGENCE: FINDING OF FACTS. Where there
1  is a substantial conflict in the evidence as to whether a servant was injured as the result of a latent defect in machinery for which the master was not liable, or because of the negligent manner of its erection and maintenance, the finding of the jury is conclusive.

Assumption of risk. Where the danger incident to a servant's
2  employment is not so apparent that he must have known of it, or by the exercise of ordinary care ought to have discovered it, he cannot be held as a matter of law to have assumed the risk.

**Expert evidence.** Ordinarily an expert may give his opinion as to the safe or proper manner of constructing, operating and using mechanical appliances.

**Misconduct of counsel:** OFFER OF IRRELEVANT EVIDENCE. Misconduct of counsel may be predicated upon a repeated effort to get evidence before the jury which has been ruled out, but where there is nothing to indicate that the rejected evidence was not offered in good faith, prejudice will not be presumed.

**Negligence:** DEATH: MEASURE OF DAMAGES: INSTRUCTION. The measure of damages for negligently causing the death of a person is the present worth of such sum as would have come to the estate of decedent at the end of his natural life; and in estimating the same the jury should take into consideration the age, expectancy, health, occupation, habits, experience and earning capacity of decedent and all other proven circumstances bearing upon his business prospects, so far as they depend upon his personal ability, capacity, efforts and management.

*Appeal from Woodbury District Court.*— Hon. John F. Oliver, Judge.

TUESDAY, JUNE 12, 1906.

ACTION at law to recover damages for death of plaintiff's intestate, alleged to have been caused by the defendant's negligence. Verdict and judgment for the plaintiff, and defendant appeals.— *Affirmed.*

*Henderson & Fribourg,* for appellant.

*Hallam & Munger,* for appellee.

WEAVER, J.— At the time of the accident in question Louis H. Hammer was employed in and about a boiler shop owned and operated by the appellant. This shop was supplied with an overhead traveling crane, so called, an apparatus weighing about one thousand two hundred pounds and mounted on four wheels, moving upon a track or rails suspended from the upper timber or frame work of the building. On May 18, 1904, the crane, while carrying a load of about one thousand six hundred pounds, fell to the floor

beneath, striking and fatally injuring the intestate, who was there engaged in the line of his duty. It is charged that appellant failed to exercise due care, in that the tracks were not properly placed, braced, or secured, thus rendering them liable to spread under the loaded crane, and the wheels of the crane liable to leave the tracks, and the entire apparatus to fall upon the workmen below. The answer admits the employment of the deceased by the defendant and his injury and death, substantially as charged, but denies all allegations of negligence on her part. She alleges the use of the utmost care on her part in the purchase, inspection, erection, and use of the crane, and alleges that the accident was caused by a defect in a casting constituting a part of the apparatus, which defect was concealed from and unknown to defendant and her agents, notwithstanding their careful inspection. It is further alleged that deceased had as full knowledge as the defendant or her agents concerning the crane and the manner of its erection and operation, and continued in the employment without protest or objection, and without any assurance or promise by defendant of any change or alteration therein.

I. Appellant insists with much earnestness that the evidence is insufficient to justify a verdict for the plaintiff. With this view we are unable to agree. It is the theory of 1. MASTER AND SERVANT: negligence: finding of facts. the appellant that, by reason of an imperfect casting with respect to which no negligence was chargeable to her, the crane or car on which it was mounted broke, thus causing the fall, which ordinary prudence and foresight could not have foreseen or guarded against. The appellee contends that the crane or car left the tracks because of the negligent manner in which they were constructed and maintained, and that the breaking of the wheel or part to which the appellant refers was caused by the fall upon the earth floor. Each of these theories has fair support in the testimony, and it is the most familiar rule of law applicable to this class of cases that

the truth of a contention upon which there is conflicting testimony is for the jury to determine. There was evidence that the gauge of the track on which the crane was operated was not uniform, and that in places rails were so far spread that, when the wheels hugged close to the rail on one side, the wheels upon the other side had a bearing on the rail of only a quarter to half an inch, while in other places the gauge was so narrow as to bind the wheels. The building was of frame construction, and there was evidence tending to show that the bracing of the tracks was insufficient for the purposes of safety. The accident was of a kind that the ascertainment of its cause is of necessity almost entirely a matter of inference, rather than direct proof, and this inference was for the jury to draw from all the proved facts and circumstances. The fact that one witness may have testified that the wheel broke before the crane fell is not conclusive upon the jury, if from all the circumstances they believe the statement to be a mistake or an untruth.

Nor do we find any clear showing of assumption of risk by the deceased which enables us to say as a matter of law that no right of recovery exists in favor of his estate. 2. ASSUMPTION OF RISK. It was the duty of appellant to furnish him a reasonably safe place to work, and he had the right to assume that the duty had been performed. The defective and unsafe condition, if it existed as claimed by appellee, was not of such glaring and apparent character, or so immediately under his eye, that we may say he must have known of it, or as a man of ordinary care and prudence ought to have discovered it and retired from the dangerous service. *Dolan v. Railroad,* 135 Cal. 435 (67 Pac. 686); *Coal Co. v. Bruce,* 150 Ill. 449 (37 N. E. 912); *Railroad Co. v. Cornelius,* 14 Ind. App. 339 (43 N. E. 31); *Shebek v. Cracker Co.,* 120 Iowa, 414; *Railroad v. Baker* (Tex. Civ. App.), 58 S. W. 964; 4 Thompson's Negligence, section 4650.

II. One Chubb, a mechanical engineer, testifying as

an expert in plaintiff's behalf, was permitted to describe how the track for the crane in appellant's shop was constructed

3. EXPERT EVIDENCE.

and braced, and to state what he considered the proper and safe method or plan for such a structure, and the admission of this evidence is assigned as error. The objection is not well taken. An expert witness, testifying concerning conditions, causes, and effects which require special study, skill, and experience to understand and explain, is permitted to give his opinions and conclusions to the jury, and ordinarily the safe or proper manner of constructing, operating, and using mechanical appliances comes within this rule. The principle has often been recognized, and expert opinion evidence held admissible upon the strength, sufficiency, and safety of a building or other structure or mechanical appliance which is the subject of controversy. *Quigley v. Manufacturing Co.,* 50 N. Y. Supp. 98; *Tucker v. Williams,* 2 Hilton. (N. Y.) 562; *Turner v. Haar,* 114 Mo. 335 (21 S. W. 737); *Cole v. Clarke,* 3 Wis. 323; *Insurance Co. v. Pruitt,* 65 Tex. 125; *Bettys v. Denver,* 115 Mich. 228 (73 N. W. 138); *Cobb v. Railroad Co.,* 149 Mo. 609 (50 S. W. 894); *Line v. Mason,* 67 Mo. App. 279; *McGonigle v. Kane,* 20 Colo. 292 (38 Pac. 367); *Fitts v. Railroad Co.,* 59 Wis. 323 (18 N. W. 186); *Hall v. Murdock,* 114 Mich. 233 (72 N. W. 150); *Hartford P. Co. v. Harmer,* 2 Ohio St. 452 (5 Am. Dec. 684); *Railroad Co. v. Johnston,* 78 Tex. 536 (15 S. W. 104); *Electric Co. v. Sweet,* 57 N. J. Law, 224 (30 Atl. 553); *Fischer v. Packing Co.,* 77 Mo. App. 108; *Brabbits v. Railroad Co.,* 38 Wis. 289; *Pullman Co. v. Harkins,* 55 Fed. 932 (5 C. C. A. 326); *Sneda v. Libera,* 65 Minn. 337 (68 N. W. 36); *Sowden v. Idaho Mfg. Co.,* 55 Cal. 450; *Grant v. Varney,* 21 Colo. 329 (40 Pac. 771); *McNamara v. Logan,* 100 Ala. 187 (14 South. 175); *Lapham v. Insurance Co.,* 24 Pick. (Mass.) 1; *Kuhns v. Railroad Co.,* 70 Iowa, 564; *Betts v. Railroad Co.,* 92 Iowa, 343; *Taylor v. Coal Co.,* 110 Iowa, 40. The testimony com-

plained of by the appellant comes fairly within the approved doctrine of the cases, and there was no error in its admission.

III. Counsel for appellee sought to prove that the appellant was indemnified against liability by a policy of insurance to pay for which a portion of the wages of the intestate had been withheld. Upon appellant's objection the witness was not allowed to answer, and the testimony was excluded. Thereupon counsel asked to have a record made of his offer, and the following colloquy ensued (we quote from the record): "Judge: Yes, but you may go outside and make the record there. It cannot be made here. Mr. Hallam: Does the court mean to insinuate that he would throw us out in this matter? Judge: No, I do not mean to insinuate anything. If you want to make the record, we will step out here with the reporter and let you make it. The questions are not proper to ask in the presence of the jury. Mr. Hallam: Well, we would like to do so then, your honor. Judge: Well, you may go out and make the record, or make it when the jury retires." Whereupon the court, counsel, witness, and reporter retired from the presence of the jury into an adjoining room, where the witness was interrogated, and then the further taking of testimony was resumed in the presence of the jury. These matters are assigned as showing prejudicial misconduct on part of counsel which should be held to invalidate the verdict. Aside from the fact that counsel allowed his zeal to betray him into language somewhat lacking in the deference and respect due to the court, we see nothing in this record calling for criticism. It was his right to offer the testimony, if he believed it admissible, and to preserve a record of his offer and exception. Had he contumaciously persisted in trying to get the matter before the jury, and thus override the ruling against him, we might well feel justified in regarding it as prejudicial misconduct. *State v. Roscum,* 119 Iowa,

*Margin note:* Misconduct of counsel: offer of irrelevant evidence.

330. But we see nothing in the record to indicate that the offer was not made in good faith, nor can we presume that appellant was or could have been prejudiced thereby. It is constantly happening that parties to a jury trial propound questions and offer testimony which the courts deem inadmissible, and record is made of the offer and ruling for use if need be on appeal; and if the fact of offering incompetent or immaterial testimony, which is excluded, is to be held a cause for granting a new trial, few, if any, verdicts could stand the test of such rule.

IV. Upon the measure of plaintiff's recovery the court instructed the jury as follows:

Paragraph 10. If, under the evidence and instructions given you in this charge, you should find for the plaintiff, you will then proceed to determine from the evidence and assess the amount of her recovery herein and the measure of such recovery if any, will be the present worth or value of the estate which the said Louis H. Hamner would reasonably be expected to have saved and accumulated if he had lived out the natural term of his life. The measure of recovery, in cases of this character, is not the sum which, when placed at interest will yield an amount equal to the income of the deceased at the time of his death; nor the amount necessary for the support of his family. But, as already stated, it is that amount estimated at its present worth, which under all the circumstances disclosed in the evidence, you believe would have come to his estate at the end of his natural life. In estimating such damages, if any you award the plaintiff, you may and should consider, so far as shown by the evidence, the age and occupation of the said Louis H. Hamner at the time of the injury which caused his death, his bodily health and ability to earn money, his habits as to industry, thrift, and economy, if any such have been shown, the contingencies of life, such as ill health, nonemployment, increase or diminution in earning capacity as age advances, and all the other facts and circumstances in evidence tending to show the amount, if any, that the estate might have accumulated if he had lived out the

5. NEGLIGENCE: death: measure of damages: instruction.

term of his natural life, and award the plaintiff such a sum as you believe from the evidence, under the rules as herein stated, will be a fair and reasonable compensation for the loss sustained by the estate of the said Louis H. Hamner, as a result of his death.

It is said by appellant that the true measure is the fair and reasonable compensation for the loss sustained by the estate of the decedent on account of his premature death, and that, while the foregoing instruction properly states the principle in the concluding sentence, it is in conflict with the previous statement, and therefore confusing and misleading. We do not find the instruction open to the objection here made. The paragraph, read as a whole, clearly and fairly states the rule, so far as it is possible for the measure of such damages to be formulated into rule. It is theoretically and intrinsically correct to say that the injury which the estate of the deceased has suffered by reason of his death is the sum or value of the property which he would thereafter have accumulated, but for the negligence by which his life has been prematurely ended. As the future is a sealed book, it is, of course, impossible to show by any certain proof the amount of the damage so sustained, and it is of necessity left for the jury to estimate, taking into consideration the age of the decedent, his expectancy of life, his health, occupation, habits, experience, earning capacity, and all other proved circumstances bearing upon his business prospects, so far as they depended upon his personal ability, capacity, efforts, and management. In short, the measure of the recovery is the reasonable present value of his life to his estate, and this, we think, is the fairly expressed rule of the instruction given by the trial court. *Donaldson v. Railroad,* 18 Iowa, 290; *Walters v. Railroad,* 36 Iowa, 460; *Van Gent v. Railroad,* 80 Iowa, 528; *Simonson v. Railroad,* 49 Iowa, 92; *Wheelan v. Railroad,* 85 Iowa, 177; *Hively v. Webster Co.,* 117 Iowa, 672; *Haas v. Rail-*

*road,* 90 Iowa, 259; *Locke v. Railroad,* 46 Iowa, 109; *Lowe v. Railroad,* 89 Iowa, 420.

Some other questions have been suggested in argument, but, so far as they fairly arise upon the record, they are governed by the conclusions we have already announced.

We find no substantial error, and the judgment of the district court is *affirmed.*